## JOHN SUTCLIFFE *vs.* THE ATLANTIC MILLS.

· August 20, an oral contract was made between A. and B., by which A. was to enter B.'s service for one year, A. to begin the term of service as soon as he could. A. began to work for B., August 27.

*Held*, that the contract was within the statute of frauds, being an oral contract not to be performed within a year.

*Held*, further, that an action by A. against B. for a breach of this contract could not be maintained.

EXCEPTIONS to the Court of Common Pleas.

*January* 7, 1882. DURFEE, C. J. This is *assumpsit* against the defendant, a manufacturing corporation, for the breach of a contract for the plaintiff's services for one year as designer, dyer, finisher, and superintendent, the alleged breach being that the

corporation discharged him before the year expired. The contract was oral, and was made August 20, 1879. The plaintiff testified that the agent of the corporation agreed to hire him for a year at a salary of $2,500, the term of service, though not specified, being understood. The jury found, as is apparent from their verdict, that the hiring was for a year. At the time of the hiring the plaintiff was employed in another mill. The agreement did not fix the time at which the service was to begin. The plaintiff testified that he told the agent that he could not begin work at once, but would begin as soon as he could, and that the agent replied, come as soon as you can. The agent testified that the plaintiff said that he could not fix a day for coming, but would come as soon as he could. The agent also testified that the plaintiff was at liberty to come at once if he could; that he wanted him immediately. It is therefore evident from the testimony of both witnesses that the service was to begin as soon as the plaintiff could get ready, having regard for his other engagements, or immediately, if he chose to disregard them. The plaintiff began work August 27, 1879.

The defendant contends that the action is not maintainable because the contract was within the statute of frauds, being an oral contract not to be performed within a year. We think the point is well taken. The plaintiff contends that the contract was not within the statute because it might have been performed within a year. But the contract was a contract made August 20, for a year's service to begin, not when the plaintiff might have begun it, but when he actually did begin it, to wit, August 27; and it was therefore in terms as it turned out, a contract which could not be performed within a year. This would be too clear for controversy if August 27 had been agreed to, in so many words, as the time for the commencement of the service, when the contract was made; but though not then agreed to in so many words, it was nevertheless agreed to as a day or time to be subsequently ascertained, not by further contract, but, as a matter of fact, by the arrival of the time when the plaintiff could get ready to begin the service, or could disengage himself from other duties so as to begin it; so that when the time was ascertained, the legal effect was the same as if it had been definitely agreed to in the outset.

If, after beginning work, the plaintiff had been asked how long he was hired for, he would have answered, for one year; if asked from what time, he would have answered, from August 27; if further asked, when he was hired, he would have answered, August 20; and by these answers he would have correctly disclosed the true character of the contract.

The plaintiff relies particularly on *Russell* v. *Slade*, 12 Conn. 455. There the plaintiff declared on a contract made June 24, 1834, for a year's service *then* to commence, and alleged that though the plaintiff, on said June 24, offered and tendered himself as ready to perform the service, yet the defendants refused to accept. At the trial the plaintiff proved the contract of hiring, but it did not appear that the parties fixed the time when the services were to begin. The defendant contended that, as no time was fixed, the services were to begin within a reasonable time, and that therefore the contract was within the statute. But the court thought otherwise, holding that the contract was a contract for services to begin instantly, and so was not within the statute. The case goes no further than to show that if the plaintiff here had immediately got ready to begin, or had instantly begun the service, the contract here would not have fallen within the statute.

The case of *Snelling* v. *Lord Huntingfield*, 1 Cromp., M. & R. 19, is more nearly, if indeed it is not exactly in point. There A., on July 20, made proposals in writing, unsigned, to B. to enter his service as bailiff for a year. B. took the proposals and went away and entered into A.'s service on July 24. The court, construing the contract as made on the 20th, held that it was a contract not to be performed within a year, and that the plaintiff, though he had been discharged before the expiration of the year, could not maintain an action for the breach of it. There the plaintiff, so far as appears, might have begun work instantly, but having delayed four days, the delay was fatal.

We think, therefore, that the plaintiff is not entitled to the verdict which he recovered in the Court of Common Pleas, and that the defendant's petition for a new trial ought to be granted.

*Exceptions sustained.*

*W. W. & S. T. Douglas*, for plaintiff.
*Charles P. Robinson*, for defendant.