## HOWARD R. FULLER *vs.* APCO MFG. COMPANY.

### JUNE 5, 1931.

PRESENT: Stearns, C. J., Rathbun, Sweeney, and Murdock, JJ.

SWEENEY, J. This action of the case in assumpsit was tried by a justice of the Superior Court without the intervention of a jury and decision was rendered for the plaintiff. The case is before this court on defendant's exception to this decision.

The first count in the declaration alleged that defendant agreed to employ the plaintiff for the term of one year from the first day of June, 1926, at a salary of $625 per month; that the plaintiff entered upon the performance of the work agreed upon; that on the 30th day of December defendant wrongfully discharged the plaintiff; wherefor the plaintiff brought suit for the remaining five months salary. The second count alleged that on the 30th day of December, 1926, while the plaintiff was in the employ of defendant, the defendant requested the plaintiff to seek employment elsewhere and in consideration thereof agreed to pay him $625 per month for two months, if the plaintiff was unable to secure employment within said time, and to pay the expense of removing his furniture from Providence to New

York City. Plaintiff averred that he was unable to secure employment within said time and that defendant refused to pay the amount agreed upon. The declaration also contained the common counts. The defendant pleaded only the general issue.

It is undisputed that the plaintiff and Mr. Wilson, president of defendant corporation, met in New York city early in May, 1926, and that as a result of their conversation plaintiff came to Providence May 15 and met Mr. Wilson and looked over the defendant's plant. After a long talk it was agreed that the plaintiff should move to Providence and go to work for the defendant in the radio business.

Plaintiff testified it was agreed that he was to start to work for the defendant for one year commencing on the 1st of June, 1926, at a salary of $7,500 and at the end of the year he could "write his own ticket" if he was successful in developing a radio set. Mr. Wilson admitted that plaintiff was to start to work for the defendant on the first day of June, 1926 and that he was to be paid at the rate of $7,500 a year. He denied that plaintiff was hired for any definite length of time. He testified that plaintiff worked for defendant until December 30 when he was told there would be no more work because defendant was to discontinue making radio sets; that after some discussion as to what could be done for plaintiff, a letter, dated December 30, 1926, addressed to plaintiff, was signed by defendant. The letter states "We will keep you on our pay roll at your present rate until you locate another position provided this is done within sixty days. At the end of this period if you have not located we will discuss the matter further. We will pay for the moving of your goods back to New York." Mr. Wilson also testified that January 15, plaintiff came to the office and requested two weeks pay and was told that defendant would not pay him anything. At the close of plaintiff's testimony defendant's attorney made the point that the oral contract testified to by the plaintiff brought it within the statute of frauds and asked permission to file a

plea of the statute of frauds. Plaintiff's attorney admits that he waived any claim to recover damages under the first count and insisted only upon the promise contained in the letter of December 30. The trial justice evidently acted upon this waiver of plaintiff's attorney because, after the testimony for the defendant had been presented, the trial justice rendered decision for the plaintiff for the amount due under the promise contained in the letter, namely, $1,250. In view of the unsatisfactory state of the record, plaintiff's attorney said at the argument of the case in this court that he had no objection to the defendant's filing a plea of the statute of frauds to the first count and the plea was filed forthwith.

Plaintiff claims that defendant waived the benefit of the statute of frauds by failing to plead it and by not objecting to plaintiff's evidence when offered. It is apparent from the transcript of the evidence that defendant intended to insist upon the statute of frauds if plaintiff intended to rely upon his first count. In *Carr* v. *Carr*, 28 R. I. 554, it was held that defendant was entitled to the benefit of the statute of frauds where the bill did not disclose the fact that the contract was a verbal one and defendant denied the contract and at the trial relied upon the statute of frauds. See also *Rogers* v. *Rogers*, 20 R. I. 400.

Plaintiff's testimony proves that the contract was not in writing and was not to be performed within the space of one year from the making thereof and hence the contract is within the statute of frauds and unenforceable. § 4854, clause 5, G. L., 1923. A case somewhat similar to this on the facts is that of *Sutcliffe* v. *Atlantic Mills*, 13 R. I. 480. See also *Wagniere* v. *Dunnell et al*, 29 R. I. 580.

Defendant contends that as the contract is unenforceable on account of the statute of frauds its offer to pay plaintiff for sixty days as contained in its letter dated December 30 is without consideration and unenforceable. We think this contention must be sustained. There is a difference of opinion among the courts whether a promise is binding when

the only consideration is the recission of a contract which is unenforceable by reason of the statute of frauds. We think that such a promise must be held to be unenforceable. 27 C. J. 316. In *North* v. *Forest*, 15 Conn. 406, the court said: There never was any legal liability resting upon the defendant to fulfill his contract for the purchase of the stock. Therefore the discharge from such a contract was not sufficient consideration for the thing promised from defendant to plaintiff. *Huey et al* v. *Frank*, 182 Ill. App. Ct. 431 is to the same effect.

Plaintiff did no work for the defendant after the receipt of its letter of December 30. He gave no consideration for the promise to pay contained in the letter. His contention that he accepted the letter as a compromise of his claim against defendant under his contract is untenable as his contract was unenforceable. The promise contained in the letter being without consideration is analogous to the promise of the maker of a gift note which is unenforceable between the original parties thereto.

For the reasons given defendant's exception is sustained. Plaintiff may appear before this court June 17, 1931, at 9 o'clock, a. m. Standard time, and show cause, if any he has, why the case should not be remitted to the Superior Court with direction to enter judgment for defendant.

*Francis J. O'Brien*, for plaintiff.

*Hinckley, Allen, Tillinghast, Phillips & Wheeler, Harold A. Andrews*, for defendant.