JAMES P. EGAN *vs.* ELVIN D. BOYCE.

MAY 27, 1955.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

BAKER, J. This is an action of trespass on the case for negligence. It was heard in the superior court by a justice thereof sitting without a jury. He rendered a decision in favor of the plaintiff and the defendant duly prosecuted his bill of exceptions to this court. The only exception relied on is to such decision.

A brief statement of the facts is sufficient for an understanding of the question raised herein. It appears from the evidence that on the evening of December 20, 1952 plaintiff was operating his automobile in a southerly direction on Mendon road in the town of Cumberland in this state. When in the village of Berkeley, at about 9:45 p.m., he parked his automobile on his extreme right side of the road close to the curbing and went to a cafe near by. About an hour later there was a commotion in the road, and upon leaving the cafe plaintiff discovered that his automobile had been struck in the rear by a car operated by defendant. The collision pushed plaintiff's automobile against another parked car, thus causing considerable damage to the rear and also to the front of his car.

The evidence also shows that defendant was driving alone and had also been proceeding on Mendon road in a southerly direction. As he approached the point where plaintiff's empty automobile was parked an unidentified car, being driven in a northerly direction on Mendon road, was coming toward him. The defendant testified that the lights of that car, which were on high beam, temporarily blinded him and that although he applied his brakes he struck the rear of plaintiff's parked automobile with considerable force, pushing it into another car which was parked just in front of it.

Mendon road at the point in question consisted of two macadam lanes each 10 feet wide and in addition there was a shoulder five feet in width on each side. There was evidence that defendant's automobile was being driven at about twenty-five miles per hour as it approached the point of impact. It also appeared that prior to the accident defendant saw a row of cars parked by the curbing in front of the cafe when he was approximately 50 feet from them. The only serious conflict in the testimony was whether automobiles were also parked on the other side of Mendon road opposite the cafe. The defendant claims that some were so parked, whereas a policeman who came to the scene of the accident immediately after it occurred testified that no cars were parked on that side of the road. The trial justice in making his decision stated that on such issue he accepted the testimony of the police officer as being accurate.

The defendant argues in defense that plaintiff did not show that in the circumstances defendant was guilty of any negligence which was the proximate cause of the accident. The trial justice realized that such point was determinative of the case. In making his decision he reviewed the evidence carefully before finding for the plaintiff. He recognized that the case of *Parenteau* v. *Parenteau*, 51 R. I. 263, was controlling in this jurisdiction but he distinguished

the facts of the instant case from that case. In the *Parenteau* case the driver of the defendant's automobile, proceeding on a narrow road in the country at night in rainy weather at a rate of speed not excessive, was temporarily blinded by the lights of a car turning into the road upon which he was driving, with the result that he veered to his right and ran into a tree which stood practically at the edge of the traveled way, causing severe personal and property damage.

In supporting the trial justice, who decided for the defendant, this court in discussing the law, at page 268, used in part the following language: "Was the defendant guilty as a matter of law when, blinded by the headlights of the approaching car, he did not reduce the speed of his car to a degree that would have enabled him to have brought it to a stop before hitting the tree? * * * Under certain conditions it would doubtless be the duty of a driver of an automobile when blinded by dazzling lights to have his car under such control that he would be able to bring it to an immediate stop. * * * The presence of blinding lights is only one of the factors to be weighed by the jury along with other circumstances bearing on the general question of negligence." And at page 269 the court further stated: "To hold that when temporarily blinded by headlights it is always the duty of the driver of an automobile to stop or to so reduce his speed as to be able to stop instantly would make driving at night on roads where there is any considerable traffic extremely difficult if not impossible. Other traffic conditions permitting, the driver of an automobile whose vision may be temporarily obscured by headlights of an approaching car may pass such car at a reasonable rate of speed without being negligent as a matter of law."

In the instant case the trial justice who passed on both the facts and the law decided that in the circumstances defendant was in fact guilty of negligence which was the proximate cause of the accident. It is clear that in applying the principles of law laid down in *Parenteau* v. *Parenteau*,

*supra,* a case of this type must be determined on its own facts. We have examined the transcript of the testimony and after so doing we cannot say that the decision of the trial justice was clearly wrong. It is well settled that where he has not misconceived or overlooked any material evidence his decision is entitled to great weight.

The defendant's exception is overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Lisker & Lisker, Albert Lisker, Milton Bernstein,* for plaintiff.

*Philip M. Hak,* for defendant.