JESSIE M. SANTERRE *vs.* JOSEPH TRILLO.

MAY 27, 1955.

PRESENT: Capotosto, Baker, Condon and O'Connell, JJ.

CAPOTOSTO, J. This is an action in assumpsit to recover the difference between the sum due on a mortgage of personal property and the amount obtained therefor at a foreclosure sale. The case was tried before a justice of the superior court, sitting without a jury, who rendered a decision for the plaintiff for $574.75 without costs, which sum included interest from the date of the writ. In his brief in support of his bill of exceptions to this court, the defendant relies solely on his contention that the decision is against the law, the evidence, and the weight thereof. Therefore, all other exceptions are deemed to have been waived.

It is unnecessary to review the evidence to any extent. The controversy between the parties, each of whom had the benefit of counsel, arises over the miscarriage of an alleged agreement concerning the foreclosure of a chattel mortgage for $2,550 on property in a restaurant purchased by plaintiff in September 1952. The mortgage, which at that time was held by a finance company, showed an unpaid balance in the same sum as the purchase price for the restaurant and it was then in default. The defendant was one of three endorsers on the mortgage note. Following certain negotiations, mainly through counsel, plaintiff secured a transfer of the mortgage and subsequently instituted foreclosure proceedings with the object of having the personal property covered by the mortgage sold to her at the auction sale for

$2,550, thus apparently acquiring a clear title to such property for herself and at the same time relieving defendant of all obligations on the mortgage note. For some undisclosed reason the plan miscarried. Neither defendant nor his counsel was present at the sale, and the property was sold to plaintiff as the highest bidder for $2,000. The instant case was then brought to recover the balance of $550 due under the mortgage.

In contending for a reversal of the decision in question, which was plainly based on conflicting evidence determinable to a considerable extent on the credibility of the witnesses, defendant argues as if this were a suit in equity to set aside the auction sale for inequitable conduct rather than an action at law in assumpsit which was ultimately tried on a plea of the general issue. It is clear from the language of the trial justice in his decision from the bench that a similar argument was advanced to and properly rejected by him. It is now well settled that the decision of a trial justice on conflicting evidence will not be disturbed by this court unless it is clearly wrong. Since we are unable to reach such conclusion, the exception under discussion is overruled.

All of the defendant's exceptions are overruled, and the case is remitted to the superior court for entry of judgment on the decision.

*Fergus J. McOsker,* for plaintiff.

*Joseph V. Ortoleva, Armando D'Iorio,* for defendant.