THOMAS DESIMONE *vs.* CARMENUCH PARILLO.

FEBRUARY 12, 1958.

PRESENT: Condon, C. J., Roberts, Andrews and Paolino, JJ.

PAOLINO, J. This is an action on the case for malicious prosecution of the plaintiff on a criminal charge of assault and battery. After a hearing before a justice of the superior court sitting without a jury, a decision was rendered

for the defendant. The case is before us on the plaintiff's bill of exceptions to such decision and to a ruling of the trial justice refusing to strike out certain testimony. The plaintiff has expressly waived his exception numbered 1.

The record discloses the following pertinent facts. As a result of a dispute among plaintiff, his father and defendant, plaintiff was arrested by the state police on a private complaint sworn to by defendant for an alleged assault and battery on the person of defendant. After a trial in the eighth judicial district court, plaintiff, who was the defendant in that case, was adjudged not guilty. Thereafter plaintiff commenced the instant action.

At the hearing in the superior court in such action defendant testified that on the day of the alleged assault he drove to plaintiff's place of business in the town of Johnston; that he and plaintiff had some words while standing on the right-hand side of defendant's truck; that they were alone at the time; that he then got into his truck and while sitting there he heard some swearing and looked around; that he then saw plaintiff's father coming from where he lives; and while defendant turned around plaintiff pulled him off the truck and he fell to the ground. The defendant also testified that while he was climbing back into his truck plaintiff's father got hold of him, knocked him down and started kicking him; that he passed out and when he regained consciousness he had blood on his face and head; and that on the following morning he went to the state police and swore out a private complaint for the arrest of plaintiff.

The plaintiff's version of what occurred is in direct conflict with the testimony of defendant. He denied that he had pushed defendant from the cab of the truck. He testified that defendant came to his place of business, stood in front of the serving window, and that a conversation took place between them; that defendant went away swearing; that plaintiff was looking at the truck when he saw his

father's head "bob up" on the other side thereof and, surmising that something was wrong, he left his place of business and ran around to the left side of the truck; that defendant was on the ground; that a sailor who was present pulled his father off defendant; and that he, plaintiff, helped defendant off the ground, put him in the truck, and told him to get out.

The plaintiff's father testified that he saw defendant standing at the service window and talking to plaintiff who was inside; that he walked to the back of defendant's truck, which was parked about ten feet from plaintiff's building; that defendant turned around and walked over to the truck; that he remonstrated with defendant for having called plaintiff names; that defendant took a swing at him; that he thereupon struck defendant and he went down; and that was the end. This witness also testified that plaintiff was not present when he and defendant had the fight; that he came out after it was over; and that plaintiff tried to push defendant into the truck.

The deputy chief of the Johnston police department was called as a witness by defendant. On direct examination he testified that while he was on duty at the police station on the evening of the trouble in question plaintiff's father came to the station complaining about the fracas; that after he left, plaintiff came in and asked the deputy chief to send the police; and that after plaintiff had left, defendant came in. In answer to a question by defendant's counsel as to what happened as a result of his talk with defendant, the deputy chief replied: "Let me put it this way. I talked with all three men and all three wanted to arrest one another." The plaintiff's counsel moved that the answer be stricken on the ground that it was not responsive. The trial justice's refusal to strike such testimony is the basis of plaintiff's exception 2.

The plaintiff concedes that the record contains testimony showing that defendant wanted both plaintiff and his father

arrested and that plaintiff's father wanted defendant arrested. However, he claims that there is no evidence showing that plaintiff requested the arrest of anyone. He contends therefore that the trial justice erred in refusing to strike the above-quoted testimony on the grounds that the reply was neither responsive nor based on the facts. The plaintiff also contends that the trial justice placed so much emphasis upon this particular testimony that he was motivated to decide against plaintiff, in total disregard of the other testimony.

After carefully considering the instant exception in relation to the entire record, we are convinced that the trial justice did not base his decision on the disputed testimony. We are of the opinion that assuming he erred in refusing to strike out the same, such error did not prejudice plaintiff and therefore it is not a ground for a new trial. Exception 2 is overruled.

The plaintiff's exception 3 is based on the decision rendered for defendant. He contends in substance that the trial justice was clearly wrong in that he misconceived and overlooked material evidence. After the conclusion of the evidence and the arguments of counsel, the trial justice rendered his decision from the bench. While he did not review the evidence at length, we are convinced that his failure to do so was occasioned by his finding that the case was not as complicated as it would seem from the length of time it took to try it. He rested his decision on the ground that plaintiff had failed to sustain his burden of proof.

It is well established that in an action for malicious prosecution the plaintiff must prove both malice and a want of probable cause by clear proof. *Beaumier* v. *Provensal*, 58 R. I. 472, 476. It is also well established that malice may be inferred from the want of probable cause. *Quinlan* v. *Breslin*, 61 R. I. 327, 331. However, the want of probable cause will not be inferred from the mere failure of the

prosecution nor simply from an acquittal. *Fox* v. *Smith,* 26 R. I. 1, 5.

The instant record clearly shows that the pertinent testimony relating to malice and probable cause or the lack thereof is in conflict. The trial justice, who saw and heard the witnesses, resolved this conflict in favor of defendant. We are convinced that he implicitly found that plaintiff had failed to clearly prove malice and lack of probable cause. His findings depended to a great extent upon the credibility of the witnesses and the weight of the testimony. If he gave such credence and weight to plaintiff's evidence, it would naturally follow that defendant lacked probable cause to have the plaintiff arrested. On the other hand, if he believed defendant's version of what occurred, then it is clear that defendant had probable cause to issue the private complaint for the arrest of plaintiff, and consequently plaintiff has failed to prove an essential element of his case.

It is well established that on conflicting evidence the findings of fact by a trial justice sitting without a jury are entitled to great weight and will not be set aside unless they are clearly wrong and fail to do justice between the parties. *Vitullo* v. *Ambrosino,* 78 R. I. 354, 357; *Santerre* v. *Trillo,* 83 R. I. 176, 178, 114 A.2d 392, 393. From our examination of the record we cannot say that his decision was clearly wrong or that he misconceived or overlooked any material evidence. Hence the decision must be sustained. *Egan* v. *Boyce,* 83 R. I. 178, 114 A.2d 402. Exception 3 is overruled.

All of the plaintiff's exceptions are overruled, and the case is remitted to the superior court for the entry of judgment on the decision.

*Fergus J. McOsker,* for plaintiff.

*Francis A. Manzi,* for defendant.