**309 A.2d 675.**

EDWARD R. MARDEN CORP. *vs.*
S. & R. CONSTRUCTION CO., INC.

OCTOBER 2, 1973.

PRESENT: Roberts, C. J., Paolino, Kelleher and Doris, JJ.

DORIS, J. This is a civil action wherein the plaintiff seeks damages for the breach of a building contract by the defendant. The defendant in its answer filed a claim for damages against the plaintiff.

Trial was held to a Superior Court justice sitting without a jury. Decision was rendered for plaintiff in the amount of $30,626.21. Judgment was thereafter entered for plaintiff in the amount of $30,626.21, plus interest of $9,409.36, plus costs of $41.45, for a total of $40,077.02. It is from that judgment that defendant has appealed to this court.

The plaintiff, Edward R. Marden Corp., hereinafter sometimes refererred to as "Marden," entered into a contract with the United States Navy on or about March 9, 1965, for the construction of a mess hall and dormitory at the naval base at Newport, Rhode Island. In furtherance of said contract Marden, on or about April 7, 1965, entered into a subcontract with defendant, S. & R. Construc-

tion Co., Inc., hereinafter sometimes referred to as "S. & R.," for the building and site-earthwork at a contract price of $49,000. S. & R. commenced work as agreed and had completed a substantial part of the work required under the contract at the time of the alleged breach. According to the testimony, difficulties arose between Marden and S. & R., and between S. & R. and the Navy. The disputes involved the type of stone required by the Navy for backfill, the method of backfilling required by the Navy, the number of workers employed by S. & R., and the length of time S. & R. used in doing its work. The defendant complained that Marden failed to make work available and that other subcontractors of Marden were interfering with and delaying the equipment and employees of defendant. Most of this testimony is in dispute.

It is undisputed, however, that on September 24, 1965, S. & R. left the job and did not return. As a result of the withdrawal from the job by defendant, Marden sent to S. & R. a letter of termination. Included in the notice of termination was a statement that S. & R. would be held liable by Marden for any amounts above the contract price required to complete the work which S. & R. had not completed. At that time, plaintiff had paid defendant under the terms of the contract $33,892.30 and had billed defendant $4,019.94 for work performed by it for defendant. Thereafter, Marden rented equipment, purchased supplies, and, using its own employees, completed the work remaining to be done under the subcontract with S. & R.

### I

The defendant first contends that the judgment is against the law and against the evidence and the weight thereof.

The defendant argues that it was justified in leaving the job prior to completion and that if such withdrawal was justified there was no breach by defendant. The contention by defendant is in accordance with the rule that to one

who is sued for nonperformance of his promise, it is a defense if he can prove that his performance was prevented or substantially hindered by the plaintiff. 4 Corbin *Contracts* §947 at 813 (1951).

The defendant contends that it was justified in leaving the job and argues that testimony and evidence were sufficient to show that defendant was ready and able to perform, but plaintiff at the time did not have work available for defendant. The defendant also contends that plaintiff allowed equipment and material from other subcontractors to be strewn about the work area, thereby blocking the employees and the equipment of defendant. The defendant testified that it had been delayed in its performance of the work under the contract by bad and inclement weather, and argued that delay was therefore excusable.

The testimony as to these contentions by defendant is in conflict. The trial justice in his decision commented on the testimony of witnesses Karl Muse and George Millman that there was plenty of work available for defendant, and on testimony of defendant's witness, Joseph Pennacchia, that lack of work existed for only a few days. He also commented on the testimony that defendant was dissatisfied with the type of stone required by the Navy for back-filling and also with the type of compacting demanded by the Navy inspector. He consequently found specifically that there was plenty of work available for defendant. The trial justice further found that the bad weather was something that was foreseeable and should have been anticipated by defendant when it submitted its bid, and therefore was not an excuse for nonperformance. 13 Am. Jur.2d *Building & Construction Contracts* §54 (1964). Based on these findings the trial justice concluded that abandonment by defendant was not as a result of delay or interference on the part of plaintiff.

The defendant contends that in making such findings the trial justice misconceived the evidence. A reading of the transcript persuades us that there was sufficient evidence on which the trial justice could base these findings and that he had neither misconceived nor overlooked any material evidence and was therefore not clearly wrong.

Where the findings of a trial justice are supported by the evidence, the rule is that they will not be disturbed unless shown to be clearly wrong or unless the trial justice has overlooked or misconceived material evidence. *Pucci* v. *Algiere,* 106 R. I. 411, 261 A.2d 1 (1970); *Mateer* v. *Mateer,* 105 R. I. 735, 254 A.2d 417 (1969). The rule is well settled that on review this court neither weighs the evidence nor passes on the credibility of witnesses, but sustains the findings of the trial justice if it finds on the record competent evidence which if accepted as truthful will support those findings, and that the burden is on the appellant to show that the trial justice was clearly wrong in his decision in that he overlooked or misconceived relevant and material evidence. *Pucci* v. *Algiere, supra.* The defendant has failed to persuade us that the trial justice was clearly wrong in that he either overlooked or misconceived the evidence or misapplied the law. We will not, consequently, disturb the findings of the trial justice that defendant abandoned the project, that plaintiff was not responsible for said abandonment and that consequently defendant had breached his contract with plaintiff.

The defendant next argues that the trial justice erred in assessing the damages as a result of the breach of contract by defendant. The defendant in its brief agrees that the rule for assessing damages is that where there has been a failure to complete performance of a contract according to its terms, the measure of damages ordinarily is the reasonable cost of completing the work. 13 Am. Jur.2d *Building & Construction Contracts* §78 at 77 (1964); 25

C.J.S. *Damages* §75 at 855 (1966). The trial justice held that plaintiff's actual costs of completion are prima facie the amount it is entitled to recover, at least absent evidence from defendant rebutting the reasonableness of the documented proof of expenditures made by plaintiff. *Soby v. Johnson,* 270 F.2d 193 (9th Cir. 1959); *Myer Feinstein Co. v. DeVincent,* 151 Pa. Super. 254, 30 A.2d 221 (1943); *City of New York v. Second Avenue R.R.,* 102 N.Y. 572, 7 N.E. 905 (1886). The trial justice accepted the testimony of the witnesses, James T. Gregory and Karl Muse, as to the amounts spent by plaintiff for the completion of the work remaining under the contract and found the amounts to be reasonable and necessary. The trial justice further found that there was little evidence to rebut the testimony of the witnesses and the evidence of the amounts paid by plaintiff for the completion of the unfinished work under the contract. Our reading of the transcript fails to persuade us that the trial justice misconceived or overlooked any relevant evidence, and we cannot say that he was clearly wrong. We, therefore, find no error in his assessment of the damages due to plaintiff because of defendant's breach of the contract.

## II

The defendant next alleges that the trial justice erred in allowing certain exhibits and testimony into evidence. The defendant contends that exhibits Nos. 34, 35, 36 and 37 were improperly admitted into evidence over the objection of defendant.

Exhibit No. 34 consists of plaintiff's daily work sheets for its employees from the time of defendant's departure from the job to the completion of the work contracted for by S. & R. These sheets were kept by Karl Muse, who testified that the reports were made under his direction and control, and that he made the entries on information received from the foreman on the job. He also testified

that all of the man hours of labor were reasonably necessary to complete the contract. James T. Gregory testified that he made out the sheets from the reports received from Mr. Muse.

Exhibit No. 35 consists of invoices and delivery slips reporting purchases of material and rental of equipment by plaintiff to complete the work for which defendant was responsible under the work contract. Karl Muse testified that he received the delivery slips from the vendors, marked them and forwarded them to the office of Marden to Mr. Gregory who was in charge of the records, that all of the material was actually received, that the equipment was used and that both the material and the equipment were reasonably necessary to complete the work under the contract.

Exhibit No. 36 is the ledger kept by Marden for the portion of the job involving the work for which S. & R. was responsible under the contract. Mr. Gregory testified that he prepared this record from the daily work sheets and the invoices and delivery slips which were forwarded to him by Mr. Muse, who was the construction superintendent for plaintiff on the job.

The defendant contends that exhibits Nos. 34, 35 and 36 were inadmissible as hearsay. However, the trial justice stated in his decision that these exhibits were records which were kept contemporaneously and in the regular course of business, and therefore admitted them into evidence over the objection of defendant. We find no error in this ruling by the trial justice admitting exhibits Nos. 34, 35 and 36 into evidence since he followed the procedure set forth in G. L. 1956 (1969 Reenactment) §9-19-13.[1]

---

[1]Section 9-19-13 reads as follows:

"Book entries in regular course of business.—In any civil proceeding any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction,

For a business record to be admissible under our statute, it is required that (1) the record be made in the regular course of business; (2) it be the regular course of business to make such record; and (3) the record be made at or near the time of the act, transaction or event. *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.*, 105 R. I. 605, 254 A.2d 285 (1969). Here, the witnesses stated that the reports were kept in the usual course of plaintiff's business and they were made at or contemporaneous with the time of the acts or transactions.

The defendant next contends that the trial justice improperly admitted exhibit No. 37 into evidence. We agree. This exhibit, which is a summary sheet, does not, in our opinion, qualify for admission under the authority of §9-19-13 since it was not a record made reasonably contemporaneous with the transaction and in the regular course of business. The trial justice therefore erred in admitting this exhibit into evidence over objection by the defendant. How-

---

occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event if the trial judge shall find that it was made in the regular course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter. The trial judge. in his discretion, before admitting such writing or record in evidence. may. to such extent as he deems practicable or desirable, but to no greater extent than the law required prior to April 12, 1928, require the party offering said writing or record to produce and offer in evidence the original writing or record, or any other from which the writing or record offered or the facts therein stated were transcribed or taken, and to call as his witness any person who made the writing or record offered or the original or any other writing or record from which the writing or record offered or the facts therein stated were transcribed or taken, or who has personal knowledge of the facts stated in the writing or record offered. And when such evidence shall be admitted. all other circumstances of the making of such writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight. The term 'business' shall include business, profession, occupation and calling of every kind."

340

ever, we hold this to be harmless error only since the findings of the trial justice are properly supported by other competent evidence.

The defendant's appeal is denied and dismissed, the judgment appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

Mr. Justice Joslin did not participate.

*Edwards & Angell, Charles G. Edwards,* for plaintiff.

*Joseph E. Marran, Jr.,* for defendant.