371 A.2d 1060.

R. ROBERT KASS *vs.* RONNIE JEWELRY, INC. *et al.*

APRIL 15, 1977.

PRESENT: Bevilacqua, C.J., Paolino, Joslin, Kelleher and Doris, JJ.

Doris, J. This is a civil action in which the plaintiff, R. Robert Kass, seeks to recover damages from the defendants, Ronnie Jewelry, Inc. and its parent, Certified Corporation, for breach of a contract of employment. A Superior Court justice, sitting without a jury, found for the plaintiff. The trial justice denied the defendants' motion, duly filed pursuant to Super. R. Civ. P. 52(b), to amend the findings and the judgment. The defendants appeal the denial of that motion. For the reasons which follow, we grant the appeal.

Some of the facts are undisputed. The defendant, Ronnie Jewelry, Inc., is a corporation engaged in the manufacture and sale of jewelry. In April 1970, defendant had an opening for a vice president in charge of sales and merchandising. The plaintiff, who was interested in such a position, contacted Luca Razza, the president of defendant. The two met on Saturday, April 18, 1970, to discuss possible employment. An oral agreement was reached on that day according to which plaintiff would work for defendant at the rate of $35,000 per year. The agreement was never reduced to writing. The plaintiff commenced work on April 22, 1970. His employment was terminated by defendant in February 1971. The plaintiff maintained that his was a one-year contract and brought suit to recover lost wages for February, March and April, alleging that he had not been able to find comparable employment during that time.

At trial, the dispute centered on the exact terms of the oral agreement. According to plaintiff, his employment was to start as soon as possible and continue for one year. The

defendant maintained that, to the contrary, no fixed term had been agreed upon, and that reference to an *annual* salary had merely been a convenient way to set the rate of compensation. The defendant also raised the statute of frauds[1] as a defense, arguing that since plaintiff had not begun work until four days after the contract had been made, the contract was not to be performed within one year.

The trial justice found, first, that a valid oral contract for one full year's employment had been made; second, that it was to be performed within one year from the time of its making; and third, that plaintiff had been damaged by the premature termination of his employment. The defendant's motion to amend the findings was denied, and plaintiff was awarded damages of $6,241.59.

The defendant appeals the denial of his motion on the ground that each of the above three findings was clearly wrong. We think the statute of frauds argument is dispositive of this case. Even if the trial justice was correct in finding a valid oral contract and in his assessment of damages, his decision must be reversed if the contract was not to be performed within one year of the time of the making and so was within the statute of frauds. Hence we will assume, arguendo, that the parties did in fact enter into a one-year contract, and we will address the statute of frauds issue first.

It is important to note at the outset the standard which we must apply. We are asked to review the findings of fact of a trial justice under Super. R. Civ. P. 52(b). It is well established that in such a case we may not reverse his findings unless he was clearly wrong or overlooked or misconceived material evidence. *Abilheira* v. *Faria*, 102

[1]General Laws 1956 (1969 Reenactment) §9-1-4.

R.I. 214, 229 A.2d 758 (1967); 1 Kent, *R.I. Civ. Prac.* §52.5 (1969).

The plaintiff did not deny that the statute of frauds makes unenforceable an oral contract for a year's service if that service is to begin more than one day after the parties enter into the contract. A denial would in any case have been to no avail; it is beyond question that the time within which a contract is to be performed is reckoned from the time of the making of the contract, not from the time when the actual services are to begin. However, plaintiff took the position, and the trial justice apparently found, that although he did not in fact start work until April 22, he *could* have started the day the contract was made because the contract called for performance as soon as possible. The plaintiff thus argued that the contract began instantly and so was susceptible of complete performance within one year. In view of the record before us, we think that such a finding was clearly wrong.

On April 18, plaintiff and his family were living in New York. Even if the contract called for him to begin work as soon as he could, it seems unlikely that plaintiff could have started that very day. The plaintiff admitted as much at trial. In recounting his conversation with Mr. Razza, plaintiff said:

> "I told him that I had been offered employment with another organization in New York that was to commence on Monday, April 20, and that I would, once I had accepted his offer, I had to go down there and negate the agreement that I had made verbally."

The plaintiff further testified that he began work "as soon as possible," which, as it turned out, was April 22. This indicates that it was neither intended nor was it possible for plaintiff to begin work on April 18.

Under the law of this state such a contract is within the statute of frauds. In *Sutcliffe* v. *Atlantic Mills,* 13 R.I. 480 (1882), the plaintiff had a one-year employment contract under which he was to begin work "as soon as he could," which, as it developed, was one week later. In holding such an oral contract unenforceable, this court said:

> "The defendant contends that the action is not maintainable because the contract was within the statute of frauds, being an oral contract not to be performed within a year. We think the point is well taken. The plaintiff contends that the contract was not within the statute because it might have been performed within a year. But the contract was a contract made August 20, for a year's service to begin, not when the plaintiff might have begun it, but when he actually did begin it, to wit, August 27; and it was therefore in terms as it turned out, a contract which could not be performed within a year. This would be too clear for controversy if August 27 had been agreed to, in so many words, as the time for the commencement of the service, when the contract was made; but though not then agreed to in so many words, it was nevertheless agreed to as a day or time to be subsequently ascertained, not by further contract, but, as a matter of fact, by the arrival of the time when the plaintiff could get ready to begin the service, or could disengage himself from other duties so as to begin it; so that when the time was ascertained, the legal effect was the same as if it had been definitely agreed to in the outset." *Id.* at 481.

*Sutcliffe* was cited with approval by this court in *Doughty* v. *Giffordline Chem. Co.,* 96 R.I. 223, 225, 190 A.2d 480, 482 (1963), and *Fuller* v. *Apco Mfg. Co.,* 51 R.I. 378, 380, 155 A. 351, 352 (1931). We think it controlling in the instant case. We therefore hold that the finding of the trial justice that the contract could be performed within one year was clearly wrong and his refusal to amend that finding was erroneous.

The defendants' appeal is sustained, the judgment appealed from is vacated and the case is remanded to the Superior Court with a direction to enter judgment for the defendants.

*Schechter, Abrams & Verri, David A. Schechter,* for plaintiff.

*Max Wistow, Merrill W. Sherman,* for defendants.