*Francis V. Reynolds, Bernard W. Boyer,* for respondent.

395 A.2d 719.

PHYLLIS M. LAPORTE *vs.* RAMAC ASSOCIATES, INC. *and* RAYMOND M. MACDONALD.

DECEMBER 21, 1978.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

WEISBERGER, J. This is an appeal by the defendants Ramac Associates, Inc. and Raymond M. MacDonald from a judgment of the Superior Court awarding the plaintiff $7,387.98 with interest and costs in an action on a promissory note which was executed by MacDonald in his capacity as

president and sole officer of the corporation and personally guaranteed by MacDonald.

The facts as found by the trial justice sitting without a jury indicated that on June 1, 1973, plaintiff sold a certain parcel of land in Manville, Rhode Island, and an apartment building thereon to the defendant corporation for $10,000. Half the sum was paid at the time of sale and defendants executed the note and guarantee secured by a mortgage on the Manville property for the remainder. The mortgage agreement contained a statutory power of sale.

The corporation and MacDonald defaulted on the note and the property was sold at a properly advertised auction to plaintiff for one dollar. The plaintiff's attorney was the only bidder at the sale although approximately twenty to twenty-five people were present including an investor and real estate broker.

Thereafter, plaintiff brought an action against defendants for the deficiency due on the note, expenses of foreclosure, and the real estate and fire district taxes not paid by defendants. The defendants responded by pleading that plaintiff received full accord and satisfaction as a result of the foreclosure sale. The action resulted in a judgment for plaintiff representing stipulated[1] damages plus the amount of fire district taxes paid by plaintiff, and this appeal ensued.

We observe that although defendants have not briefed the issue of accord and satisfaction, they do raise the issue of election of remedies. The defendants are not entitled to review on the latter issue because it was not raised in the Superior Court. *Black v. Black*, 119 R.I. 127, 377 A.2d 1308 (1977). We note, however, that in Rhode Island foreclosure on a mortgage does not bar a subsequent suit on the secured note for any deficiency. *Santerre v. Trillo*, 83 R.I. 176, 114 A.2d 392 (1955); *Woolley v. Tougas*, 61 R.I. 434, 1

---

[1] The parties stipulated damages of $7,218.64 including the deficiency on principal, interest, foreclosure fees and expenses and attorney's fees in the event of a finding for the plaintiff.

A.2d 92 (1938). Thus, the defendants' contention that the instant suit is barred by the earlier foreclosure is without merit.

We, of course, accept that proposition that a mortgagor is entitled to credit for the sum realized at a foreclosure sale in diminution of any balance due on the note. The question raised is factual. Specifically, defendants challenge the trial justice's finding that the sum realized at the foreclosure sale truly reflected the market value.

The defendants contend that the trial justice was clearly wrong in finding that the property had no value or a negative value and that the best evidence of the fair market value of the property was the auction bid. The defendants argue MacDonald testified as a qualified expert that after some renovation had been completed, the value of the property at the time of the foreclosure sale was $12,000 to $13,000. The defendants also note that the auctioneer testified (as a witness for the plaintiff) that the building was a poor investment and needed much repair, despite the fact that he had never been inside the building. Finally, defendants note there was no proof that the building had been condemned although the auctioneer testified he saw a condemnation sign on the building. Evidently, the purpose of defendant's observations regarding this testimony is to assert that plaintiff's witnesses were not believable.

In essence, defendants contend their witnesses were more credible than plaintiff's. This argument may be addressed to the factfinder at trial but is inappropriate in appellate proceedings. *J. Koury Steel Erectors, Inc.* v. *San-Vel Concrete Corp.*, 120 R.I. 360, 387 A.2d 694 (1978). We have repeatedly stated that it is the function of the trial court and not the appellate court to assess the credibility of witnesses, *Raheb* v. *Lemenski*, 115 R.I. 576, 350 A.2d 397 (1976); *Farrell* v. *Meadowbrook Corp.*, 111 R.I. 747, 306 A.2d 806 (1973), and that findings of a trial justice sitting without a jury will not be disturbed on appeal unless the trial justice was clearly wrong or overlooked or misconceived material

evidence. *Coastal Finance Corp.* v. *Coastal Finance Corp.*, 120 R.I. 317, 387 A.2d 1373 (1978); *Salo Landscape & Construction Co.* v. *Liberty Electric Co.*, 119 R.I. 269, 376 A.2d 1379 (1977); *Kass* v. *Ronnie Jewelry, Inc.*, 118 R.I. 100, 371 A.2d 1060 (1977).

In this case defendants in their brief acknowledge that the trial justice considered the previously outlined testimony which defendants contend belies the credibility of plaintiff's witnesses. Further, a review of the record reveals that there was an abundance of testimony upon which the trial justice could have based his finding that the property had no value. Specifically, the trial justice referred to the testimony of the auctioneer, who was also a realtor and appraiser, that the building was a poor investment, in poor condition, and needed repairs. Similarly, the record reveals MacDonald testified that at the time of purchase the building needed a complete renovation and a tremendous amount of work. MacDonald also testified that in June 1974 three or four tenants occupied apartments but that all the occupied apartments did not warrant payment of rent. The other fifteen or so apartments needed repairs before they could be rented. Three apartments, however, had been totally done over. Thus, we believe the trial justice was not clearly wrong in rejecting MacDonald's assessment of value and in finding that the property had no value and that the auction bid was the most persuasive evidence of the fair market value, in spite of the unusually small sale price.

The defendants next argue that the trial justice erred in excluding from evidence a compilation made by MacDonald of the renovation work undertaken on the building. We believe the trial justice properly excluded this document. For a business record to be admissible, our statute, G.L. 1956 (1969 Reenactment) §9-19-13,[2] requires that (1) the record be

---

[2]"In any civil proceeding any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event shall be admissible in evidence in proof of said act, transaction, occurrence or event, if the trial judge shall find that it was made in the regular

made in the regular course of business; (2) it must be the regular course of business to make such a record; and (3) it must be made at or near the time of the act, transaction or event. *Edward R. Marden Corp.* v. *S. & R. Construction Co.,* 112 R.I. 332, 309 A.2d 675 (1973); *Webbier* v. *Thoroughbred Racing Protective Bureau, Inc.,* 105 R.I. 605, 254 A.2d 285 (1969).

In the present case, MacDonald described the excluded document as a "compilation" and stated that it was not a day-to-day record. MacDonald also indicated that such a compilation was made at the end of each job. The trial justice found as a preliminary fact that the excluded document was made some time after the job was completed and we cannot say that this finding was clearly wrong. The trial justice also based his exclusion on the requirements of §9-19-13 and we consequently find there was no error in excluding the compilation from evidence. *Edward R. Marden Corp.* v. *S. & R. Construction Co., supra.*

Finally, the defendants assert that the trial justice erred in examining the propriety of the mortgage sale. We fail to understand how a finding that the sale was improper would be detrimental to the defendants. Nevertheless, we need not reach this issue because the trial justice found no impropriety in the sale and concluded the auction bid reflected the true market value of the property.

The defendants' appeal is denied and dismissed, the judgment of the Superior Court is affirmed, and the case is remanded to the Superior Court.

*Macktaz, Keefer and Kirby, Scott K. Keefer,* for plaintiff.

*Sidney W. Paull,* for defendants.

---

course of any business, and that it was the regular course of such business to make such memorandum or record at the time of such act, transaction, occurrence or event, or within a reasonable time thereafter."