401 A.2d 43.

FERNANDES REALTY CORP. *vs.* ARTHUR LAGACE, *Tax Assessor of the City of Woonsocket.*

MAY 2, 1979.

PRESENT: Bevilacqua, C.J., Joslin, Kelleher, Doris and Weisberger, JJ.

514

WEISBERGER, J.   These are two consolidated petitions for relief from assessment of taxes for the years 1975 and 1976, respectively, wherein the petitioner, Fernandes Realty Corporation, appeals from judgments of the Superior Court reducing the assessed valuation of its real estate in the city of Woonsocket.

The property in controversy is lot 180 on plat 22 of the tax assessor of the city of Woonsocket.[1] This lot contains 96,107

---

[1]In the Superior Court the petitioner also challenged the assessment of lot 31 on said assessor's plat. On this appeal, however, the petitioner challenges the assessment of lot 31 only on the basis that the total assessment is disproportionate to assessments on other real estate in Woonsocket for the years in issue.

square feet of land and improvements consisting of a large structure housing a restaurant, a liquor store and a supermarket formerly operated by petitioner. This property was assessed on December 31, 1974, for the year 1975 and on December 31, 1975, for the year 1976 at a value of $336,416, which figure allegedly constituted 80 percent of the fair market value of the subject real estate. It is undisputed that Woonsocket applies an 80 percent valuation ratio in determining real estate taxes.

In the Superior Court the petitioner's real estate expert, utilizing a capitalization of rental income approach, valued the subject property at $233,000, giving rise to a taxable valuation of $186,400 based on the 80 percent ratio. The tax assessor, Mr. Lagace, also testified to a valuation based upon capitalization of rental income as well as on reproduction cost minus depreciation. He assigned to the property a fair market value of $410,284. Upon application of the 80 percent valuation ratio, this figure gave rise to an assessed valuation of $328,228. The trial justice, also utilizing the capitalization of rental income approach, assigned a fair market value of $359,509 and an assessed valuation at 80 percent of full market value amounting to $287,607. The trial justice found as a fact that petitioner had been overtaxed in the sum of $1,440.14 for the year 1975, and in the sum of $1,839.33 for the year 1976.

The petitioner challenges these findings on two major grounds. It asserts that the court erred in its calculation of rental income in respect to the liquor store and also in respect to the restaurant. There is no question the trial justice found as a fact that the liquor store rental was $3,900 per year, but in computing the rental value of this unit, the trial justice inadvertently used a figure of $4,200. Moreover, the trial justice utilized a figure of $23,400 as the annual rent for the restaurant portion of the premises. This figure was based upon testimony by Mr. Lagace who assigned an annual gross rent of $23,400 to the restaurant, but who also stated that such rent "includes the fixtures and the equipment in the

restaurant." Mr. Lagace made no effort to assign a value to the rental of such fixtures and equipment or to distinguish in any way between fixtures which might be a part of the realty and those fixtures and equipment which would be personalty.

The petitioner contended in the Superior Court that its property was disproportionately assessed. In support of this contention, it presented a witness from the Department of Community Affairs who produced tax equalization statistics for the city of Woonsocket for the years 1973, 1974 and 1975. These statistics are gathered for each municipality for the purpose of determining state aid to education for such municipalities. It is undisputed that the city of Woonsocket had conducted a general revaluation of all real estate in 1971, and that no such general revaluation has since occurred. These statistics indicated that certain assessments for the years cited were at ratios less than 80 percent of sales prices in the various classes of properties.

In order to sustain a charge of disproportinoate taxation, a petitioner must sustain the burden of showing "a systematic, intentional under-valuation of other property in the locality," *Merlino* v. *Tax Assessors*, 114 R.I. 630, 639, 337 A.2d 796, 802 (1975). The trial justice found as a fact that petitioner had not sustained this burden. In so finding, we cannot say that the trial justice was clearly wrong or that he overlooked or misconceived material evidence. *LaPorte* v. *Ramac Associates*, 121 R.I. 82, 395 A.2d 719 (1978); *Coastal Finance Corp.* v. *Coastal Finance Corp. of North Providence*, 120 R.I. 317, 387 A.2d 1373 (1978). In this instance petitioners presented only raw statistical data through the representative of the Department of Community Affairs. The witness was not an expert on real estate values and had made no study to determine whether the compiled random sales represented arm's length transactions which were reflective of fair market value. Further, in many instances, the number of sales in the samples was too small to make a calculation of systematic, intentional undervaluation. Thus, we believe the trial justice was correct in rejecting this ground of challenge to the assessment.

In respect to the capitalization of rental income, we believe that the miscalculaton as to the liquor store rental and the inclusion of an increment of gross rent for the restaurant relating to personal property require a remand and reconsideration by the trial justice. We believe that this remand should be limited principally to the eliciting of evidence concerning that portion of the restaurant rental which relates to the real estate as opposed to personal property. However, in respect to this determination and the computation of resulting fair market value, we observe that both expert witnesses in this instance adopted capitalization rates without giving significant explanations for such selection. The determination of a capitalization rate is a most sophisticated exercise of judgment, *see Kargman* v. *Jacobs*, 113 R.I. 696, 325 A.2d 543 (1974), and therefore the selection of such a rate should be accompanied by a reasonable explanation of the bases therefor. As in *Kargman*, the petitioner's expert utilized a capitalization percentage figure based in part upon the very taxation which was under challenge. We suggest that in a remand hearing the trial justice require the expert witnesses to justify the capitalization rates utilized, including return on equity, depreciation increments and other factors which underlie such a rate.

For the reasons stated, the appeal is sustained in part the case is remanded to the Superior Court for further proceedings consistent with this opinion.

*Frank O. Lind, Jr., David J. Saliba,* Boston, for plaintiff.

*Gerald M. Brenner,* Assistant City Solicitor, for defendant.