**Supreme Court**

No. 2014-172-Appeal.
(NB 11-431)

HK&S Construction Holding Corp.          :

v.          :

Lynne S. Dible, in her official capacity as          :
Finance Director and Purchasing Official
   of the Town of Middletown et al.

NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

HK&S Construction Holding Corp.          :

               v.          :

Lynne S. Dible, in her official capacity as          :
Finance Director and Purchasing Official
   of the Town of Middletown et al.


Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

## O P I N I O N

**Justice Indeglia, for the Court.**  This case came before the Supreme Court on the appeal

of the plaintiff, HK&S Construction Holding Corp. (HK&S or plaintiff), of a Superior Court

grant of summary judgment in favor of the defendants, Town of Middletown (town),[1] Robert J.

Rafferty (Rafferty), and Woodard & Curran, Inc. (Woodard & Curran).   In granting the

defendants' motion, the Superior Court rejected the plaintiff's claim that the town wrongfully

failed to award the plaintiff a contract to construct a drainage project that had been put out to bid

and that Woodard & Curran owed it a duty.  On appeal, the plaintiff argues that the Superior

Court erred in determining that the plaintiff's bid was nonresponsive, thereby nullifying the grant

of summary judgment.  This case came before the Supreme Court for oral argument on March 4,

2015, pursuant to an order directing the parties to appear and show cause why the issues raised in

this appeal should not be summarily decided.   After hearing the arguments of counsel and

---

[1] Town defendants included Lynne S. Dible (Dible), in her capacity as finance director and purchasing official of the town, Shawn J. Brown (Brown), in his capacity as town administrator, Warren Hall, in his capacity as town engineer, as well as Arthur S. Weber, Bruce J. Long, Richard P. Cambra, Christopher T. Semonelli, Edward Silveira, Antone C. Viveiros, and Barbara A. Vonvillas, in their capacities as members of the town council.

reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time without further briefing or argument. For the reasons set forth herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

On June 1, 2011, the town issued an invitation for bids on a drainage improvement project, which involved the installation of 2,100 linear feet of drainpipe and structures with outfalls to Easton Bay. The project called for both underground and subaqueous work, as well as a significant amount of blasting. Providing the town with consulting services, Woodard & Curran agreed to tabulate and evaluate the bids. The request for proposal (RFP) included a set of instructions that detailed bid requirements. One entry, titled "Documents to be Returned With Bid," provided: "Failure to completely execute and submit the required documents before the Submittal Deadline [of 10:30 A.M., July 14, 2011] may render a bid non-responsive."

An additional document, titled, "Bid Documents to Be Returned," listed four documents that "must be completed and submitted on or before the Submittal Deadline for the Bid to be considered complete." Those documents were: (1) a "Bid Form"; (2) a "Non-Collusion Affidavit"; (3) the "Bidder's Statement Regarding Insurance Coverage"; and (4) the "Bidder's Statement of Relevant Experience." The RFP also requested additional information regarding the subcontractor performing the subaqueous construction and blasting, as well as eight additional items constituting the "company profile," which, according to the RFP, the bidder "must provide" and "shall [be] include[d] with the[ ] bid." Those eight additional items included documentation of: (1) company ownership; (2) location of company offices; (3) the number of local and national employees; (4) the locations from which employees would be assigned; (5) the

name, address, and phone number of the bidder's contact for a contract resulting from their bid; (6) a company background and history describing why it was qualified to provide the services described; (7) a statement of the length of time the bidder has been providing the services described; and (8) the resumes for key staff to be responsible for the performance of any contract resulting from the bid.

Two contractors submitted bids: HK&S and C.B. Utility Company, Inc. (C.B. Utility). On July 14, 2011, the town held a bid meeting, at which it unsealed the bids to reveal that plaintiff was the low bidder. The plaintiff proposed to complete the work for $1,631,125, while C.B. Utility proposed to complete the work for $3,744,285. In his August 1, 2011 letter to the town, Rafferty, technical leader of Woodard & Curran, noted that plaintiff's bid failed to include the company profile and subcontractor identification.[2] As a result, Woodard & Curran recommended against awarding plaintiff the project and in favor of either "negotiating" a contract with C.B. Utility or putting the project out for rebidding.

On August 3, 2011, the town council held a special meeting to consider the bids. Town administrator Brown reviewed the bids with the council. After Brown and Rafferty fielded questions, the town council acknowledged that plaintiff's bid was "non-responsible" and "voted unanimously to adopt the recommendation of Woodard & Curran" and award the contract to C.B. Utility.

On August 19, 2011, plaintiff filed a complaint against the town in Newport County Superior Court, seeking declaratory and injunctive relief "requiring that the Town shall award the contract to [plaintiff]," or "declaring the invitation for bids and the contract award to C.B.

_____

[2] To the extent that the town argues that plaintiff failed to include a minimum of five references from similar projects, a review of plaintiff's bid appears to indicate that it did in fact provide this information.

Utility * * * illegal, null and void * * *."  The complaint alleged that the town violated G.L. 1956 chapter 55 of title 45 as well as Chapters 33 and 33A of the Middletown Code of Ordinances when it denied plaintiff the contract award for the project.  On November 23, 2011, plaintiff amended its complaint, alleging wrongful denial of a municipal contract award under § 45-55-5[3] and seeking compensatory damages.  In addition, plaintiff added a count alleging intentional interference with prospective contractual relations, as well as counts alleging violations of procedural and substantive due process under both the federal and state constitutions.[4]

Subsequently, the case was removed to the United States District Court for the District of Rhode Island, where another amended complaint was filed.  In addition to including Rafferty and Woodard & Curran (collectively Woodard & Curran) as defendants, this amended complaint added an equal protection claim under both the federal and state constitutions against all

---

[3] General Laws 1956 § 45-55-5 provides, in relevant part:

> "(a) Contracts exceeding the amount provided by § 45-55-9 shall be awarded by competitive bidding * * *;
> " * * *
> "(b) The invitation for bids shall state whether award shall be made on the basis of the lowest bid price or the lowest evaluated or responsive bid price.  If the latter basis is used, the objective measurable criteria to be utilized shall be stated in the invitation for bids, if available.
> " * * *
> "(d) Bids shall be opened publicly in full view of the public at the time and place designated in the invitation for bids.  Each bid, together with the name of the bidder, shall be recorded and an abstract made available for public inspection.  Subsequent to the awarding of the bid, all documents pertinent to the awarding of the bid shall be made available and open to public inspection and retained in the bid file.
> "(e) The contract shall be awarded with reasonable promptness by written notice to the responsive and responsible bidder whose bid is either the lowest bid price, or lowest evaluated or responsive bid price.
> "(f) Correction or withdrawal of bids may be allowed only to the extent permitted by regulations issued by the purchasing officer."

[4] The plaintiff amended its complaint yet again on January 5, 2012.

defendants and a negligence claim against Woodard & Curran. On January 2, 2013, the town moved for summary judgment; and, on April 22, 2013, a federal district judge entered an order dismissing all federal constitutional claims and remanding all state claims to the Superior Court. On April 26, 2013, plaintiff's most recent amended complaint was remanded to the Superior Court.[5]

Upon remand from the federal district court, the Superior Court entertained the town's motion for summary judgment as to plaintiff's state law claims. In its motion, the town argued that plaintiff's bid did not qualify for consideration because it did not contain the required documents and was, thus, nonresponsive. Because there was only one responsive bid, the town averred that it was within its right to exclusively negotiate with C.B. Utility for a new price pursuant to §§ 45-55-7 and 45-55-8.[6]

On November 4, 2013, Woodard & Curran filed a separate motion for summary judgment in which it argued that it was not liable to plaintiff because it was acting as the agent of a disclosed principal, the town, and plaintiff was clearly aware of this relationship. Woodard & Curran also contended that there was no evidence of an abuse of discretion in the town's awarding of the contract to C.B. Utility. Finally, Woodard & Curran asserted that plaintiff's claim of intentional interference with contractual relations should be dismissed because no business expectancy existed among the parties.

In its memoranda objecting to the motions, plaintiff contended that its bid was responsive and that the company profile and subcontractor information could have been submitted after the

---

[5] Woodard & Curran submitted its own answer to the amended complaint, while all remaining defendants submitted one answer.

[6] Pursuant to § 45-55-7, a new price was negotiated with C.B. Utility for $3,269,185.

bid opening. The plaintiff insisted, then, that the town was legally obligated to evaluate and properly determine whether plaintiff was a "responsible" bidder, but that it failed to do so.

On January 16, 2014, defendants' motions for summary judgment were heard by a Superior Court justice (the hearing justice). On March 31, 2014, the hearing justice issued a written decision, in which he determined that there were no genuine issues of material fact such that defendants were entitled to summary judgment. The hearing justice concluded that there was no palpable abuse of discretion in the town's determination that plaintiff's bid was nonresponsive in light of the instructions given plaintiff and the materials plaintiff failed to submit by the bid deadline. He also rejected plaintiff's allegations of bad faith, noting that, even if plaintiff's account of the town's conduct was true, it was not enough to show wrongful denial of the contract. Further, the hearing justice noted that plaintiff failed to present evidence that defendants engaged in any violation of the law.

The hearing justice maintained that, notwithstanding plaintiff's lower bid, the town would not have been obligated to award it the contract. Citing H.V. Collins Co. v. Tarro, 696 A.2d 298, 303, 304 (R.I. 1997), he reaffirmed the principle that "an awarding authority [may] tak[e] into account factors beyond price when selecting the 'best' or 'superior' bidder[,]" because a company rated higher under the requested criteria, despite not placing the lowest bid, could actually save the town money in the long run. Additionally, he rejected plaintiff's claim of intentional interference with contractual relations on the ground that plaintiff did not have a business relationship with the town simply because its bid was lower than that of C.B. Utility.

In dismissing plaintiff's procedural and substantive due process claims, the hearing justice noted that plaintiff was not deprived of a "life, liberty, or property interest," and he also stated that the town lawfully exercised its discretion when it determined that plaintiff's bid was

- 6 -

nonresponsive and therefore was not a bid at all. He then concluded that there were no grounds to sustain plaintiff's equal protection claim since its bid was nonresponsive and thus not similarly situated to C.B. Utility's bid. Finally, the hearing justice determined that Woodard & Curran owed no legally cognizable duty to plaintiff, and he dismissed plaintiff's negligence claim.

On April 8, 2014, the hearing justice entered an order granting defendants' motions for summary judgment and, on that same day, entered final judgment on behalf of all defendants. On April 18, 2014, plaintiff filed a notice of appeal of that decision to this Court.

## II

## Standard of Review

"[T]his Court reviews a grant of summary judgment de novo." Sullo v. Greenberg, 68 A.3d 404, 406 (R.I. 2013) (quoting Sacco v. Cranston School Department, 53 A.3d 147, 149-50 (R.I. 2012)). "Examining the case from the vantage point of the trial justice who passed on the motion for summary judgment, '[w]e view the evidence in the light most favorable to the nonmoving party, and if we conclude that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law[,] we will affirm the judgment.'" Id. at 406-07 (quoting Sacco, 53 A.3d at 150). "Although summary judgment is recognized as an extreme remedy, * * * to avoid summary judgment the burden is on the nonmoving party to produce competent evidence that 'prove[s] the existence of a disputed issue of material fact[.]'" Id. at 407 (quoting Mutual Development Corp. v. Ward Fisher & Co. LLP, 47 A.3d 319, 323 (R.I. 2012)). "[W]here the facts suggest only one reasonable inference, the trial justice may properly treat the question as a matter of law." Shappy v. Downcity Capital Partners, Ltd., 973 A.2d 40, 45 (R.I. 2009) (quoting Kennedy v. Providence Hockey Club, Inc., 119 R.I. 70, 77, 376 A.2d 329, 333 (1977)).

# III

## Discussion

On appeal, plaintiff contends that the hearing justice erred in determining that plaintiff's bid was nonresponsive because it failed to include information regarding the company profile and subcontractors. The plaintiff argues that the hearing justice made improper and erroneous factual determinations that should not have been made on summary judgment. In response, defendants argue that there is no dispute that plaintiff failed to provide the additional information specifically requested in the RFP. The defendants contend, then, that plaintiff's bid was nonresponsive and that the town was within its right to reject plaintiff's bid.

It is well settled that, in reviewing a public bidding process, the courts will not interfere with the award of a state or municipal contract unless the awarding authority "acted corruptly or in bad faith, or so unreasonably or arbitrarily as to be guilty of a palpable abuse of discretion." Paul Goldman, Inc. v. Burns, 109 R.I. 236, 240, 283 A.2d 673, 676 (1971); see also Gilbane Building Co. v. Board of Trustees of State Colleges, 107 R.I. 295, 300, 267 A.2d 396, 399 (1970). "[W]hen officials in charge of awarding a public work[s] contract have acted fairly and honestly with reasonable exercise of a sound discretion, their actions shall not be interfered with by the courts." Blue Cross & Blue Shield of Rhode Island v. Najarian, 865 A.2d 1074, 1081 (R.I. 2005) (quoting H.V. Collins Co., 696 A.2d at 302). This Court has recognized that "[t]he decision of any official, board, agent, or other person appointed by the state concerning any controversy arising under or in connection with the solicitation or award of a contract shall be entitled to a presumption of correctness." Id. (quoting G.L. 1956 § 37-2-51) (emphasis in original). Finally, we have cautioned that "[t]o hold otherwise would place the Judiciary in the position of litigating the award of every state and municipal contract and would place public

officials in charge of awarding such contracts in [a] 'legalistic straitjacket' * * *." H.V. Collins Co., 696 A.2d at 305 (quoting Gilbane, 107 R.I. at 302, 267 A.2d at 400).

Like the hearing justice, our task is to determine whether the town exercised sound discretion when it awarded the contract for the project to C.B. Utility instead of HK&S, and whether summary judgment is a proper mechanism for that determination. Separately, the town and the hearing justice noted that plaintiff did not adhere to the requirements set forth in the RFP because it failed to submit the company profile and subcontractor identification. This omission, then, constituted a violation of the RFP, which explicitly stated that "[f]ailure to completely execute and submit the required documents before the Submittal Deadline may render a bid non-responsive."

We have previously held that "municipal contracts can properly be awarded to a bidder 'other than the lowest bidder when the awarding authority deems it in the public interest to do so.'" Coastal Recycling, Inc. v. Connors, 854 A.2d 711, 716 (R.I. 2004) (quoting H.V. Collins Co., 696 A.2d at 304). In the bid process, the first hurdle to be crossed is the submittal of a responsive bid. Here, the RFP unambiguously required that bidders "must identify the subcontractors * * * [by] includ[ing] with their bid, the subcontractors' background information and references," and that bidders "must provide a company profile." The town sought vital information for a project dealing with subaqueous and underground blasting, and made it clear in the RFP that this information was to be "include[d] with the[ ] bid." This language, along with the understanding of the significance of this information, was clear warning to the bidder that the subcontractor information and company profile had to be included with the original bid.

The plaintiff does not dispute that it failed to provide the above-mentioned documents, but instead claims that the documents could have been submitted at a later date. This argument

ignores the compulsory language accompanying the town's requests for vital information, as well as the notification that "[f]ailure to completely execute and submit the required documents before the Submittal Deadline may render a bid non-responsive." As the hearing justice noted, "[t]he instructions do not indicate anywhere that any information at all may be submitted after the Submittal Deadline." Given these admonitions, there is no disputed issue of material fact that the town acted within its sound discretion in determining that the plaintiff's bid was nonresponsive. As such, we conclude that there was no error in disposing of the plaintiff's claims against the town on summary judgment. Because we conclude that the plaintiff tripped over the responsive bid hurdle, we need not consider the plaintiff's claims for wrongful denial of the contract, intentional interference with contractual relations, and violations of due process and equal protection rights. Similarly, the plaintiff's claim of negligence against Woodard & Curran must also fail.

## IV

## Conclusion

For the foregoing reasons, we affirm the judgment of the Superior Court, and the record in this case shall be remanded to that tribunal.



## *Clerk's Office Order/Opinion Cover Sheet*

**TITLE OF CASE:**    HK&S Construction Holding Corp. v. Lynne S. Dible, in her official capacity as Finance Director and Purchasing Official of the Town of Middletown et al.

**CASE NO:**    No. 2014-172-Appeal.
(NB 11-431)

**COURT:**    Supreme Court

**DATE OPINION FILED:**  April 7, 2015

**JUSTICES:**    Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

**WRITTEN BY:**    Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**    Newport County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Brian P. Stern

**ATTORNEYS ON APPEAL:**

For Plaintiff:  Peter L. Kennedy, Esq.

For Defendants:  Marc Desisto, Esq.
Stanley F. Pupecki, Esq.