### CATHERINE GALVIN *et al. vs.* EDWARD NEWTON.

Where a mortgagee or any one for him, under Pub. Stat. R. I. cap. 176, § 15, purchases the mortgaged property at a sale by public auction made under a power of sale in the mortgage deed, he must act "fairly and in good faith," or the sale may be voided even though he be within the letter of the law and the power.

While neither inadequacy of price nor the death of the mortgagor taken separately is sufficient to avoid a mortgagee's sale, yet these circumstances may be taken into account in connection with others in determining whether the sale was made fairly and in good faith.

A savings bank held a mortgage for $10,000 on the property of G. and others, the interest on which became due August 8, 1893, and remained unpaid August 8, 1894, when G. died. A few days after G's death, N., the treasurer of the bank, caused the property to be advertised for sale, and on September 18, 1894, sold it to himself for the sum of $6,700, paying therefor by giving a new mortgage to the bank for $7,000.    No executor or administrator had

been appointed on G.'s estate.  A bill brought by the heirs of G. alleged that the sale was unfair, without bidders other than N. himself, and was made by N. in collusion with one of the surviving mortgagors for the purpose of taking advantage of the absence and ignorance of the complainants, and securing the property worth $16,000 at a price far below its value.  The bill prayed that N. might be declared a trustee for the complainants to the extent of their interest in the property subject to the $7,000 mortgage.  On demurrer for want of equity,

*Held*, that the bill stated a case of misconduct on N.'s part such as would entitle the complainants to avoid the sale, since it showed an attempt by N., by means of a collusive sale and without an effort to attract bidders, to wipe out G.'s interest at a time when there was no authorized representative of his estate, and leaving G.'s estate liable for the balance of the mortgage debt.

*Held*, further, that the complainants instead of preferring a bill to redeem the original mortgage, might treat the sale as passing the legal title to the property with a trust for their benefit, and have N. decreed a trustee for them as prayed in the bill.

BILL IN EQUITY to declare a trust.   On demurrer.

*September* 16, 1895.   STINESS, J.   According to the allegations of the bill the complainants are heirs at law of Daniel Galvin, deceased, who owned a quarter part of the Newport Laundry with Horgan and Pierce, co-owners.   The estate was subject to a mortgage for the sum of ten thousand dollars to the Island Savings Bank of Newport, of which the respondent was treasurer.   The mortgage was dated August 8th, 1892, the note running for one year from date.   Interest became due August 8th, 1893, but it was not paid.   Galvin died August 8th, 1894 ;   and on the 18th of the same month said Newton, as treasurer of the bank, caused the property to be advertised for sale, on September 8th, 1894, before the appointment of an executor or administrator upon the estate of said Galvin, and sold it to himself on that day for the sum of six thousand seven hundred dollars.   Said Newton paid for the property by giving a new mortgage to the Island Savings Bank for the sum of seven thousand dollars.   The bill alleges that the sale was unfair, without bidders other than himself, and that it was made by him in collusion with Horgan for the purpose of taking advantage of the absence and ignorance of the complainants and securing the property, alleged to be worth sixteen thousand dollars, for a price far below its value.   The bill prays that said Newton may be

12

decreed to hold the same as trustee for the complainants to the extent of their one-fourth interest, subject to the mortgage of seven thousand dollars. The respondent demurs to the bill for want of equity. It is urged that the inadequacy of price is not sufficient to vacate a sale, nor the death of the mortgagor ; and these positions, taken alone, we do not question. It is also urged that the complainant's remedy is a bill to redeem and not a bill to declare a trust.

Ordinarily cases of this sort come on a bill to redeem, but it does not follow that redemption is the exclusive remedy. The respondent was not only the treasurer of the bank, but he also had the charge of the sale and he sold the property to himself. 2 Pingrey on Mortgages, § 1387. It is a well established rule that the purchase by a person acting in a fiduciary relation at his own sale can be avoided. It was held in *Ives* v. *Ashley*, 97 Mass. 198, where an administrator purchased property for himself, that the sale was not void but voidable. "The heirs may, within a reasonable time, elect to avoid it, and the purchaser is in such case regarded as a trustee ; or they may allow it to stand, and in such case it is valid without any further act." In *Roberts* v. *Fleming*, 53 Ill. 196, it was held that a mortgagee could not, either directly or indirectly, purchase at his own sale, and if he did, the rights of the mortgagor would be precisely the same as though no sale had been made. These cases illustrate the rule that a trustee will not be allowed to deal with the subject of the trust, and the strictness of this rule has only been relaxed in regard to mortgage sales. As to these not only has the right of the mortgagee to purchase been recognized by courts upon the ground of protection to his own interests, 2 Jones on Mortgages, § 1636, but statutes have been very generally adopted expressly permitting this to be done. Pub. Stat. R. I. cap. 176, § 15.[1] But whether such a purchase be

---

[1] As follows :

Sec. 15. At any sale by public auction, made under and according to the provisions of any deed of mortgage, mortgage bill of sale or other conveyance by way of mortgage, or of any power of sale contained therein or annexed thereto, the mortgagee in such deed of mortgage or other conveyance, his or their

made under judicial construction or under a statute it must be a fair sale, and improper conduct on the part of the trustee will avail as against his purchase when it would not avail against a stranger and innocent purchaser. By the terms of our statute the condition on which the mortgagee, or any one for him, is allowed to bid for and purchase the property is that it be done "fairly and in good faith." If this element be wanting the purchaser, though he be within the letter of the law and the power, will be held to the strict accountability of trustees in other cases. We have only to inquire, therefore, whether the bill sets out enough to impeach the fairness of the sale.

We think it does. It shows an attempt to wipe out Galvin's interest in the property, at a time when there was no authorized representative of his estate, without effort to attract bidders to the sale, in collusion with Horgan, the owner of a half interest therein. It alleges a sale without bidders and for a grossly inadequate price, leaving Galvin's estate liable for the balance due upon the note. Assuming that inadequacy of price and the death of the mortgagor are not enough, by themselves, to impeach the sale, they are things to be taken into account, in connection with the other allegations, as the very result which it is charged that the respondent was seeking to bring about. If these things can be proved as alleged, they would make out a case of misconduct on the part of the agent of the bank for his own advantage, or that of Horgan with whom he was acting. For this the complainants may disregard the sale and redeem the original mortgage, or they may treat it as a passing of the

assigns or his or their legal representatives, or any person for him or them, may fairly and in good faith bid for and purchase such estate or property so put up for sale, or any part thereof, in the same manner as the same may be bid for and purchased by any other person: *Provided,* that notice in writing of the mortgagee's intention to bid shall be given to the mortgagor or left at his last and usual place of abode twenty days prior to the time of sale at which he proposes to bid as mortgagee, and that proper evidence that such notice has been given shall be in possession of the auctioneer at the time the sale takes place, or that such mortgagee shall, in his public advertisement of sale, give notice that it is his intention to bid upon such property so advertised for sale.

legal title with a trust for their benefit. If the other mort-
gagors do not choose to object to the sale, it would be idle to
require the complainants to go to the trouble of redemption
and suits for contribution when their interest can be fully
protected in this simpler way. The demurrer to the bill is
overruled.

. *Charles Acton Ives*, for complainants.

*Samuel R. Honey*, for respondent.