JOHN J. NICHOLS *vs.* D. M. W. FLAGG.

PROVIDENCE—MARCH 17, 1902.

PRESENT : Stiness, C. J., Tillinghast and Rogers, JJ.

(1) *Mortgages. Fraudulent Sale under Foreclosure. Equity.*

An estate was advertised for sale under a second mortgage June 23, 1900, June 26, 1900, it was advertised for sale under the first mortgage. The sale under the second mortgage was fixed for July 14, 1900, and that under the first mortgage for July 18, 1900, the earliest possible date. The second mortgagee knew nothing of the sale under the first mortgage. The father of the mortgagor secured a postponement of the sale under the second mortgage for two weeks, carrying the date of sale beyond that of the first mortgage. The sale under the first mortgage was advertised in a paper of small circulation. The property was sold for the amount of the first mortgage, being less than one-third of its value. The only persons present at the sale were the treasurer of the bank which held the first mortgage, the father of the mortgagor, who secured a postponement of the second sale, the brother-in-law of the mortgagor, who bought the property, and an unknown woman. The mortgagee's deed was drawn and delivered immediately :—

*Held*, that the sale was a fraudulent device to cut out the second mortgage, and that the complainant second mortgagee was entitled to relief.

BILL IN EQUITY seeking relief on grounds set out in the opinion. Heard on bill, answer, and proof. Relief granted.

PER CURIAM. In *Galvin* v. *Newton*, 19 R. I. 176, we said that while mere inadequacy of price was not enough to impeach a sale, yet a grossly inadequate price would be taken

account of in connection with other circumstances in determining whether there had been a fair sale.

In *Holland* v. *Citizens Bank*, 16 R. I. 734, we also said that it is a delicate matter for the court to interfere with a sale, alleged to be fraudulent, where the mortgagee is acting within the letter of his power, and, to warrant it, the perversion should be very clearly and specifically alleged.

(1)   Recognizing these rules, we are of opinion that the evidence in this case shows that the pretended sale was a transparently fraudulent device to cut out a second mortgage. There was gross inadequacy of price, the property selling for less than one-third of its assessed value for taxation and of its market value.   The estate was advertised for sale, under the second mortgage, June 23, 1900.   On June 26, 1900, it was advertised for sale under the first mortgage, the owner having told the treasurer of the City Savings Bank, mortgagee, " Go ahead and foreclose."

The sale under the second mortgage was fixed for July 14, 1900, and that under the first mortgage for July 18, 1900, the earliest possible date.

The second mortgagee, living in Taunton, Mass., knew nothing of the proposed sale under the first mortgage, but the first mortgagee appears to have known of the proposed sale under the second mortgage.   The owner's father applied to the complainant's attorney for a postponement of his sale for two weeks, upon the plea that he thought he could raise the money due on the second mortgage by that time.   The postponement was granted, thus carrying the date of sale beyond that under the first mortgage.   The bank did not advertise its sale in the same paper as that of the second mortgage, but in one of comparatively small circulation.   It did not notify the second mortgagee.   It was not legally bound to do either of these things, but the fact that it sold the property for the amount of its mortgage when it knew that the result would be to cut out the second, makes the omission to give such notice significant and amply justifies the inference that it was not intended that the sale should come to the knowledge of the second mortgagee.   According to the testi-

mony of the auctioneer, the only persons present at the sale were the treasurer of the bank ; the father of the owner of the property, who got the second mortgagee to postpone his sale ; the brother-in-law of the owner, who bought the property, and an unknown woman. The treasurer bid $2,500, and the owner's brother-in-law bid $2,600, and it was struck off to him. The mortgagee's deed, with suspicious promptness, was drawn, executed, and acknowledged in the afternoon of the day of the sale, and when the complainant came, within forty-eight hours, to inquire about the matter, the deed had been delivered.

The whole transaction, from the advertisement to the delivery of the deed, is so convincing of collusion and unfair dealing on the part of the owners of the property, the treasurer of the bank, and the purchaser, as to render a consideration of questions of law needless.

We decide that the complainant is entitled to the relief prayed for.

*William H. Greene*, for complainant.

*John W. Hogan*, for respondent Draper.

*Norris & Hoffman and Harry P. Cross and J. Jerome Hahn*, for various respondents.