Robert SENN

v.

James K. MacDOUGALL, in his
capacity as Treasurer of the
Town of Warren, et al.

No. 93–177–A.

Supreme Court of Rhode Island.

March 25, 1994.

Paul S. Cantor, Resmini & O'Hara, Providence, for plaintiff.

Richard T. Gallone, Wynn & Wynn, Providence, for defendant.

## OPINION

PER CURIAM.

This matter came before the Supreme Court pursuant to an order issued directing both parties to appear and to show cause why the issues raised in this appeal should not be summarily decided. After reviewing the memoranda submitted by the parties and after hearing their counsel in oral argument, this court concludes that cause has not been shown.

In this case plaintiff, Robert Senn, has appealed from an order granting a motion for summary judgment to defendant, James K. MacDougall, in his capacity as treasurer for the town of Warren (town). The plaintiff claimed that he was injured when he sat on a stairway railing that collapsed. The railing is located on a strip of land at Touisset Point Landing. The plaintiff alleged that the town was in control of the property and under a duty to maintain and inspect it. The town

filed a motion for summary judgment that was granted.

In support of its motion for summary judgment the town filed four affidavits setting forth facts to establish that the town does not assess or collect taxes on the strip of land, the strip of land is a right of way leading to a cliff overlooking Mount Hope Bay, the town does not maintain the right of way, the town does not own the property, and, the town did not construct the railing on which plaintiff was injured.

In opposition to the town's motion for summary judgment, plaintiff argued that a question of fact existed as to who was responsible for the condition of the property. The plaintiff presented an affidavit of an attorney who had performed a title search on the property and who had discussed the issue with several title companies. The affidavit asserted that the records indicate that ownership does not lie with any individual because of the lack of taxation and any other proof that is available. The attorney concluded that the strip in question was a public right of way and, therefore, owned by the town of Warren. There was also indication that at some past time a subdivision plan of the area was filed designating the land and the open area providing access to the water for the local landowners' use.

 When a trial justice is ruling on a motion for summary judgment, the principal question is whether there is a genuine issue of material fact that must be resolved. *Golderese v. Suburban Land Co.*, 590 A.2d 395, 396 (R.I.1991); *Rhode Island Hospital Trust National Bank v. Boiteau*, 119 R.I. 64, 66, 376 A.2d 323, 324 (1977). Summary judgment should be granted only if an examination of all pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the parties opposing the motion reveals no genuine issue of material fact. *Nichola v. John Hancock Mutual Life Insurance Co.*, 471 A.2d 945, 947–48 (R.I.1984). Only when the review reveals no issue of material fact and the moving party is entitled to judgment as a matter of law, will we uphold the trial justice's order granting summary judgment. *Banks v. Bowen's Landing Corp.*, 522 A.2d

1222, 1224 (R.I.1987). A litigant opposing a motion for summary judgment has the burden of proving the existence of a disputed issue of material fact. *Manning Auto Parts, Inc. v. Souza*, 591 A.2d 34, 35 (R.I.1991). The litigant cannot rest upon mere allegations or denials in the pleadings, mere conclusions, or mere legal opinions.

 This court is of the opinion that the plaintiff failed to meet his burden of proving the existence of a disputed issue of material fact on either control or ownership of the parcel of land. He rested on a mere conclusion and a legal opinion of an attorney that because the parcel is not owned by any individual, it is a public right of way owned by the town and dedicated as an official plat. The dedication of land for public purposes requires overt action on the part of the owner and an overt act on the part of the local government in accepting the dedication. *Vallone v. City of Cranston Department of Public Works*, 97 R.I. 248, 254–55, 197 A.2d 310, 314 (1964); *see also* G.L.1956 (1991 Reenactment) § 45–23–10. There is no fact asserted in this case that would support the plaintiff's claim against the town.

For these reasons the plaintiff's appeal is denied and dismissed, the judgment appealed from is affirmed, and the papers of the case are remanded to the Superior Court.