**Michael DeLUCA**

v.

**Gustav KLEGRAEFE, J & C Enterprises, Inc. and Jashvant Patel.**

**No. 96–593–Appeal.**

Supreme Court of Rhode Island.

Feb. 23, 1998.

Paul DeMarco, Providence.

Herbert Katz, Rumford.

## ORDER

This case came before a three judge panel of this court pursuant to an order directing the parties to appear and show cause why this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing their memoranda we are satisfied that cause has not been shown. Accordingly, we shall decide the issues raised by the parties at this time. The facts are not in dispute and are as follows.

The defendant, Gustav Klegraefe (Klegraefe), appeals from an order granting summary judgment in favor of plaintiff, Michael DeLuca (DeLuca), in an action for a deficiency on a promissory note held by DeLuca and personally guaranteed by Klegraefe. On October 24, 1988, B & G Hotel, Inc. (B & G) purchased 120–122 Fountain Street from J & C Enterprises, Inc. for the sum of $1,430,000, as set forth in the settlement statement. B & G took a first mortgage loan from Pawtucket Credit Union in the amount of $550,000 and executed a promissory note, secured by a second mortgage, to DeLuca for $519,882.82. This note was personally guaranteed by Klegraefe.

B & G subsequently defaulted on its obligations under the note and thereafter filed for bankruptcy protection. After obtaining the appropriate relief from the stay imposed by the bankruptcy court, DeLuca foreclosed on the property. On May 24, 1994, DeLuca purchased the property at public auction for the sum of $200,000. This sale, however, was subject to the first mortgage of Pawtucket Credit Union, which had an outstanding balance of principal and accrued interest of approximately $568,250, and was also subject to the unpaid real estate taxes due the city of Providence totaling approximately $100,000.

DeLuca filed suit against Klegraefe for the deficiency amount of the note and moved for summary judgment. Klegraefe objected, arguing that the property was not sold in a commercially reasonable manner and that the sale price was inadequate in light of two recent appraisals of the property. In support of this argument, Klegraefe noted that DeLuca was the only bidder at the auction.

DeLuca maintained that he was entitled to the amount of the deficiency and relied on *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 545, 114 S.Ct. 1757, 1765, 128 L.Ed.2d 556, 569 (1994), in which the United States Supreme Court held that "[a] 'reasonably equivalent value,' for foreclosed property, is the price in fact received at the foreclosure sale, so long as all the requirements of the State's foreclosure law have been complied with." Because DeLuca complied with the notice and advertising requirements of G.L. 1956 § 34–27–4, he maintained that under *BFP* the $200,000 foreclosure price was the reasonably equivalent value of the property. Our resolution of this matter under existing Rhode Island law, however, makes it unnecessary for us to decide this precise question.

The trial justice, although guided by *BFP*, relied upon *LaPorte v. Ramac Associates, Inc.*, 121 R.I. 82, 395 A.2d 719 (1978) as controlling. In *LaPorte*, the guarantor and mortgagor defaulted on a note and the mortgagee purchased the property at the foreclosure sale for one dollar. In the subsequent suit for the deficiency amount due on the note, this court upheld the trial court's finding that based upon the evidence presented at trial, the property had no value. Although

decided pursuant to a Rule 56 motion for summary judgment, the trial justice in the instant case held that since the foreclosure law with respect to notice and advertisement had been complied with, it was therefore incumbent upon Klegraefe to produce evidence of collusion or other improprieties in connection with the advertisement or conduct of the sale that would have improperly deflated the foreclosure price. The trial justice correctly observed that producing two recent market value appraisals was not sufficient to establish a material issue of fact that would warrant a trial.

Klegraefe relies on the case of *Woolley v. Tougas,* 61 R.I. 434, 1 A.2d 92 (1938) in support of the proposition that the inadequacy of price may be considered as a factor in determining whether the foreclosure sale was proper. He maintains that when the mortgagee purchases the property at the foreclosure sale and then seeks to recover the deficiency on the note, the court will scrutinize the propriety of the sale.

The duties of a trial justice in ruling on a motion for summary judgment are well established. He or she must determine whether there exists any issues of material fact to be resolved by the fact finder. *See Senn v. MacDougall,* 639 A.2d 494, 495 (R.I.1994). Only when a review of all the pleadings, affidavits, admissions, answers to interrogatories, and other materials viewed in the light most favorable to the party opposing the motion satisfy the trial justice that no factual issues exist will summary judgment be granted. *Id.* The opposing party, however, may not rest upon mere allegations or denials in the pleadings, rather it is the burden of the party opposing summary judgment to demonstrate the existence of a disputed issue of material fact. *Id.*

In this case, Klegraefe at no time denied that he was the guarantor of the note, nor did he demonstrate any improprieties in the foreclosure sale. Klegraefe merely asserted that the existence of two recent appraisals of the property constituted evidence that the sale price was inadequate. The trial justice found that the existence of two recent market value appraisals did not raise any material issues of fact and we agree. This court, while recognizing that "real inadequacy of price may be taken account of in connection with other circumstances in determining whether there has been a fair sale," has never recognized that a mere disparity between appraisals of the subject property and its foreclosure sale price can alone supply a sufficient reason to attack the integrity of the sale. *Woolley,* 61 R.I. at 438, 1 A.2d at 93. As the trial justice correctly observed, it was incumbent upon Klegraefe, as the guarantor of the note, to produce evidence demonstrating the impropriety of the foreclosure sale. Since Klegraefe failed to produce such evidence, we conclude that the trial justice properly granted the summary judgment motion. Having concluded that DeLuca was entitled to judgment as a matter of Rhode Island law, we need not address the applicability of *BFP* to the facts of this case. We shall leave the determination of that question for another day.

Accordingly, Klegraefe's appeal is denied and dismissed and the judgment appealed from is affirmed. The papers in this case may be remanded to the Superior Court.

WEISBERGER, C.J., and LEDERBERG, J., did not participate.