**Supreme Court**

No. 2002-7- Appeal
(KC 98-1065)

Richard H. Boucher                      :

            v.                          :

  Kevin E. Sweet.                       :


NOTICE:   This opinion is subject to formal revision before publication in the Rhode Island Reporter.  Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Richard H. Boucher          :

v.                :

Kevin E. Sweet.          :

Present:  Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**O P I N I O N**

**Justice Indeglia, for the Court.**  The defendant, Kevin E. Sweet (defendant or Sweet), appeals the grant of summary judgment in favor of the plaintiff, Richard H. Boucher (plaintiff or Boucher), in the amount of $48,155.35, plus interest, and counsel fees of $3,237.  This case came before the Supreme Court on September 28, 2016, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing the arguments of counsel and reviewing the memoranda submitted on behalf of the parties, we are satisfied that cause has not been shown.  Accordingly, we shall decide the appeal at this time without further briefing or argument.  For the reasons set forth herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

On November 15, 1994, Sweet executed a promissory note to Boucher in the amount of $80,000, secured by a mortgage on real estate at 54 New London Avenue, West Warwick, Rhode Island.  Sweet later defaulted on the note and Boucher commenced foreclosure proceedings on the real estate.

- 1 -

Boucher advertised notice of the public sale in the Kent County Daily Times. The sale's terms required payment of an $8,000 deposit at the time of sale, payment of the balance within thirty days after the sale, and an agreement encompassing the terms of sale (sale agreement) to be signed by the successful bidder. Additionally, pursuant to the sale's terms, the property's sale was "subject to all taxes, assessments, mortgages, any prior encumbrances and other encumbrances * * *." The foreclosure sale was held at a public auction on January 7, 1997. Boucher, the only bidder, purchased the property for $35,000; however, he did not pay the $8,000 deposit or sign the sale agreement.

In December 1998, Boucher brought an action against Sweet in the Kent County Superior Court to collect the deficiency on the note, plus interest, attorney's fees, and costs. Sweet filed an answer; and, on September 3, 1999, Boucher moved for summary judgment. In his motion, Boucher argued that no issue of material fact existed because Sweet acknowledged that he executed and delivered the note to Boucher, he defaulted on the note, and he still owed Boucher the amount claimed.

On September 30, 1999, a justice of the Kent County Superior Court granted Boucher's motion for summary judgment in the amount of $55,532.16, plus interest, attorney's fees, and costs.[1] Sweet subsequently moved to vacate the judgment, arguing that he never received Boucher's motion, supporting memorandum, or notice of the hearing on the motion. In August 2000, a hearing justice denied Sweet's motion to vacate the judgment.

Ultimately, after further motion by Sweet, a second justice agreed to vacate the summary judgment and rehear Boucher's motion. In opposition, Sweet maintained that the disparity between the property's fair market value of $90,000 and the foreclosure sale price of $35,000

---

[1] Sweet was not present at the hearing on the motion.

was a factor in determining if an impropriety existed in the foreclosure sale.[2] Sweet also argued that Boucher's violations of the terms of sale—namely, his failure to pay the $8,000 deposit and sign the sale agreement—were improprieties in the sale. He further contended that Boucher's attempt to collect the unpaid real estate taxes, sewer taxes, and sewer fees violated the terms of sale because the property was sold "subject to all taxes."

The hearing justice issued a bench decision, again granting Boucher's motion for summary judgment. She found that Boucher's failure to pay the $8,000 deposit and sign the sale agreement were not "the type of defect[s] in the advertising, in the conducting of this foreclosure sale, that would amount to fraud or collusion." The hearing justice found the disparity between the appraisal values and the foreclosure sale price insufficient to show an improper or fraudulent sale. Although "[i]nadequacy of price may be considered a factor in determining whether the foreclosure sale was proper," Sweet did not offer any evidence that the manner in which the sale was advertised was deficient or that Boucher fraudulently conducted the sale. The hearing justice did find, however, that the property's low purchase price included the property's unpaid taxes, sewer fees, and sewer taxes. Thus, she excluded those taxes from the judgment. Accordingly, on June 7, 2001, the hearing justice granted Boucher's motion for summary judgment in the amount of $48,155.35, plus interest and attorney's fees, totaling $3,237.

On June 18, 2001, Sweet appealed. Action on this appeal was stayed since January 2002 due to several ongoing bankruptcy proceedings that Sweet initiated. In October 2015, Sweet notified Boucher that the bankruptcy proceedings were discharged or dismissed, and the parties proceeded with this appeal.

---

[2] At the hearing, the parties stipulated that the property's fair market value at the time of the foreclosure sale was $90,000.

## II

## Standard of Review

"This Court reviews a trial justice's decision to grant summary judgment de novo." Hyde v. Roman Catholic Bishop of Providence, 139 A.3d 452, 460 (R.I. 2016). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Newstone Development, LLC v. East Pacific, LLC, 140 A.3d 100, 103 (R.I. 2016) (quoting Daniels v. Fluette, 64 A.3d 302, 304 (R.I. 2013)). "The nonmoving party bears the burden of showing the existence of disputed issues of material fact by competent evidence; it cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Danforth v. More, 129 A.3d 63, 68 (R.I. 2016) (quoting Takian v. Rafaelian, 53 A.3d 964, 971 (R.I. 2012)).

## III

## Discussion

On appeal, Sweet argues that the hearing justice erred by not considering Boucher's failure to adhere to the terms of sale. When the notice and advertisement requirements for a foreclosure have been complied with, the mortgagor must "produce evidence of collusion or other improprieties in connection with the advertisement or conduct of the sale that would have improperly deflated the foreclosure price." DeLuca v. Klegraefe, 706 A.2d 1351, 1352 (R.I. 1998) (Mem.). Although Sweet acknowledged that an inadequate price alone is insufficient to void the foreclosure, he contended that the aforementioned failures rendered the sale "an improperly advertised and improperly conducted mortgagee's sale." Such improprieties, Sweet

- 4 -

maintained, would allow the court to consider the discrepancy between the price that Boucher paid for the property and its stipulated fair market value at the time of the foreclosure sale.

While Sweet cites Galvin v. Newton, 19 R.I. 176, 36 A. 3 (1895), to support his argument that proof of actual fraud is not required to challenge the propriety of a foreclosure sale, the improprieties present in Galvin are clearly distinguishable from the minor deficiencies alleged here. In Galvin, the defendant, the treasurer of the mortgagee-bank, purchased the mortgaged property at a public auction. Id. at 177, 36 A. at 4. The plaintiff-mortgagor alleged that the defendant conducted the sale before an executor was appointed for the deceased mortgagor's estate, in an attempt to extinguish the latter's interest in the property. Id. at 177, 179, 36 A. at 4. There was also an allegation that the defendant colluded with another mortgagor who held an interest in the property. Id. at 179, 36 A. at 4. At the sale, the defendant was the only bidder and paid a grossly inadequate price. Id. This Court acknowledged that the inadequate price alone was not enough to impeach the mortgage sale; however, it could be considered alongside the other allegations. Id.

We agree with the hearing justice's finding that the alleged improprieties are not "the type of defect[s] in the advertising, in the conducting of this foreclosure sale, that would amount to fraud or collusion." Sweet has not raised the sort of allegations present in Galvin. Boucher's failure to deposit the $8,000 upon sale, pay the balance within thirty days, and sign the sale agreement do not "support an inference that the mortgagee[] had overreached the mortgagor * * *." Woolley v. Tougas, 61 R.I. 434, 439, 1 A.2d 92, 94 (1938). This is not a case where "[t]he whole transaction, from the advertisement to the delivery of the deed, is so convincing of collusion and unfair dealing on the part of the owners of the property, [the mortgagee], and the

purchaser, as to render a consideration of questions of law needless." Nichols v. Flagg, 24 R.I. 30, 32, 51 A. 1039, 1040 (1902).

Since "it was incumbent upon [the defendant] * * * to produce evidence demonstrating the impropriety of the foreclosure sale," DeLuca, 706 A.2d at 1352, and Sweet has not set forth such evidence, we conclude that the hearing justice properly granted summary judgment.

## IV

## Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be returned to that tribunal.

Justice Flaherty did not participate.



**TITLE OF CASE:**   Richard H. Boucher v. Kevin E. Sweet.

**CASE NO:**   No. 2002-7-Appeal.
(KC 98-1065)

**COURT:**   Supreme Court

**DATE OPINION FILED:**   October 28, 2016

**JUSTICES:**   Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ.

**WRITTEN BY:**   Associate Justice Gilbert V. Indeglia

**SOURCE OF APPEAL:**   Kent County Superior Court

**JUDGE FROM LOWER COURT**:

Associate Justice Netti C. Vogel

**ATTORNEYS ON APPEAL:**

For Plaintiff:   Lisa A. Geremia, Esq.

For Defendant:  Frederick A. Costello, Esq.