May 24, 2017

**Supreme Court**

No. 2016-37-Appeal.
(PC 12-5180)

Deutsche Bank National Trust Company,   :
as Trustee for Registered Holders of
Ameriquest Mortgage Securities, Inc.
Asset-Backed Pass-Through Certificates
2004-R11

v.   :

John A. McDonough, Jr.   :

NOTICE: This opinion is subject to formal revision before publication in the Rhode Island Reporter. Readers are requested to notify the Opinion Analyst, Supreme Court of Rhode Island, 250 Benefit Street, Providence, Rhode Island 02903, at Telephone 222-3258 of any typographical or other formal errors in order that corrections may be made before the opinion is published.

Deutsche Bank National Trust Company,  :
as Trustee for Registered Holders of
Ameriquest Mortgage Securities, Inc.
Asset-Backed Pass-Through Certificates
2004-R11

     v.      :

  John A. McDonough, Jr.    :

Present:  Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ.

# O P I N I O N

**Justice Indeglia, for the Court.**  The defendant, John A. McDonough, Jr. (McDonough or defendant) appeals the Superior Court's grant of summary judgment in favor of the plaintiff, Deutsche Bank National Trust Company, as Trustee for Registered Holders of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates 2004-R11 (Deutsche Bank or plaintiff).  This matter came before the Supreme Court on May 2, 2017, pursuant to an order directing the parties to appear and show cause why this Court should not summarily decide the issues raised by this appeal.  After hearing counsels' arguments and reviewing the parties' memoranda, we are satisfied that cause has not been shown.  Accordingly, we shall decide this matter at this time without further briefing or argument.  For the reasons outlined below, we affirm the judgment of the Superior Court.

# I

## Facts and Travel

This case originates from defendant's ownership interest in two properties in Lincoln, Rhode Island: one on Woodland Court (Woodland Court property) and the other, of principal concern to this case, on Arnold Street (Arnold Street property). In relation to these properties, defendant executed two notes in favor of Ameriquest Mortgage Company (Ameriquest). The first note (Arnold Street note), executed on or about November 10, 2004, for $280,500, was secured by a mortgage on 26-28 Arnold Street in Lincoln (Arnold Street mortgage), which was recorded in the Town of Lincoln Land Evidence Records (registry) on November 23, 2004. The second note (Woodland Court note), also in favor of Ameriquest, was executed by defendant on November 16, 2004, in the amount of $300,900. This note was secured by a mortgage on 13-19 Woodland Court (Woodland Court mortgage), recorded with the registry.

Importantly, the property description within an exhibit appended to the Arnold Street mortgage referenced the Woodland Court property rather than the Arnold Street property despite the fact that the Arnold Street note specified the property address as 26-28 Arnold Street. Indeed, the Arnold Street mortgage described the encumbered property as 26-28 Arnold Street and listed the tax assessor's plat and lot number for the Arnold Street property. Other documents associated with the Arnold Street mortgage were also linked to the Arnold Street property. Additionally, defendant's completed uniform residential loan application listed 26-28 Arnold Street as the subject property address in connection with the Arnold Street note. On July 20, 2006, a certificate of satisfaction (certificate) that referenced the Woodland Court property and its loan number was recorded with the registry. The certificate specified that Ameriquest received full payment and satisfaction of the mortgage, which discharged the mortgage. In

discharging the mortgage, however, the certificate also referenced recording information that corresponded with the Arnold Street mortgage. Upon realizing this error, plaintiff instituted efforts to correct it. First, an affidavit of scrivener's error was recorded on or about October 2, 2008, with the registry, which provided that the Arnold Street mortgage, in its recorded form, contained an inaccuracy in the legal description. In addition to pinpointing this error, the affidavit of scrivener's error identified the correct legal description associated with the Arnold Street property.

The plaintiff also asserts that, on or about August 12, 2008, Ameriquest assigned the Arnold Street mortgage to Deutsche Bank through a confirmatory assignment of mortgage (confirmatory assignment), which was recorded with the registry. This document provided that Ameriquest had granted, assigned, and transferred all of its right, title, and interest in the Arnold Street mortgage to plaintiff, Deutsche Bank. Further, the confirmatory assignment was intended "to replace the original assignment [with respect to the mortgage dated November 10, 2004] which due to inadvertence and/or mistake was lost * * * ."

Next, on January 27, 2009, a notice of rescission of deed of release, satisfaction of mortgage (notice of rescission) was recorded with the registry. This document provided that the obligations under the Arnold Street note had not been satisfied and an outstanding principal amount remained due. Moreover, on February 6, 2009, the servicer of the Arnold Street note informed defendant that the certificate was erroneously recorded and, as such, outstanding payments remained due on the Arnold Street note.[1] Subsequently, a revocation of certificate of satisfaction (revocation), dated March 31, 2009, was recorded with the registry to reinstate the

---

[1] Although it appears that defendant, as of 2012 when plaintiff filed the complaint, still resided at the Arnold Street property, he has not made a mortgage payment with respect to it since March 25, 2008.

Arnold Street mortgage and revoke the prior certificate. The revocation declared that the certificate had been executed and recorded in error, and that the Arnold Street mortgage should be restored.

On July 28, 2009, defendant filed for Chapter 7 bankruptcy with the United States Bankruptcy Court for the District of Rhode Island. The defendant received a bankruptcy discharge on November 13, 2009; and, on January 20, 2010, his Chapter 7 case was closed. On January 21, 2010, defendant filed for Chapter 13 bankruptcy in the same court. On May 20, 2010, defendant initiated an adversary proceeding against plaintiff in that court, wherein he sought a finding as to whether the Arnold Street mortgage was valid and asserted that he owned the Arnold Street property free of any encumbrances and that plaintiff was not the holder in due course of any documents corresponding to the Arnold Street property. A judge of the United States Bankruptcy Court for the District of Rhode Island granted plaintiff's motion to stay proceedings to allow issues related to the Arnold Street mortgage to be litigated in state court.

On October 5, 2012, plaintiff commenced this litigation by verified complaint. In count one of the complaint, plaintiff sought a declaratory judgment that (1) the Arnold Street mortgage was a valid, perfected first-priority mortgage on the Arnold Street property; (2) the Arnold Street mortgage was revived by the notice of rescission and revocation; and (3) full payment or satisfaction had not been received on the Arnold Street note. In count two, plaintiff sought a judgment that reformed the Arnold Street mortgage to remedy the incorrect legal description of the property. In count three, plaintiff cited equitable principles to request "a decree declaring a mortgage exists, fully enforceable against McDonough, on the Arnold Street Property, as reformed." Finally, in count four, plaintiff sought "a decree declaring that it is subrogated to the

rights of the prior, senior mortgages which were satisfied with the proceeds of the Arnold Street Mortgage loan * * * ."

In its answer, in addition to denying plaintiff's allegations, defendant counterclaimed that "Deutsche Bank is not a holder in due course of any documents relating to Plaintiff's Arnold Street residence." The defendant also submitted that plaintiff lacked standing to foreclose on the Arnold Street property and that defendant owned the Arnold Street property "free and clear of any mortgage(s)."

On April 28, 2014, plaintiff moved for summary judgment pursuant to Rule 56 of the Superior Court Rules of Civil Procedure. In asserting that the case lacked genuine issues of material fact and that judgment should enter as a matter of law with respect to both its claims against defendant and defendant's counterclaim, plaintiff asserted that (1) despite any technical deficiencies, the Arnold Street mortgage remained enforceable in equity and encumbered the Arnold Street property; (2) discharge of the Arnold Street mortgage was in error and corrective instruments recorded with the registry effectively reinstated the mortgage; and (3) the Arnold Street note, having not been fully paid, remained due and owing.

With its motion, plaintiff presented two affidavits. The first was from Peter Knapp, a loan analyst for Ocwen Loan Servicing, LLC, the servicer for plaintiff with respect to defendant's loan. In pertinent part, Knapp stated that defendant had not made a payment for the Arnold Street property since March 2008 and had paid off only $10,192.43 of the Arnold Street mortgage's principal balance. The second affidavit was from attorney Ranen Schechner, plaintiff's counsel. Schechner stated that his law firm held the Arnold Street note at its Boston office. He further stated that this note was endorsed in blank.

In opposition, defendant contended that this case was not ripe for summary judgment because genuine issues of material fact existed with respect to (1) whether the note was endorsed to plaintiff; (2) whether plaintiff owned defendant's note or mortgage and, as a corollary, whether plaintiff was a real party in interest to bring this action; (3) whether Knapp possessed sufficient personal knowledge of the records; (4) whether "there [was] a chain of title for the mortgage from the originator to the trust, which is a different entity than" Deutsche Bank; and (5) whether the mortgage's assignment was void.

In response to defendant's request, the motion justice continued the summary-judgment hearing and allowed a deposition of plaintiff's document custodian, later identified as Barbara Campbell, pursuant to Rule 56(f). Campbell, who was employed by Deutsche Bank in the document custody division, testified that, based on plaintiff's records with respect to "the loan inventory and the loan file information," she could glean that plaintiff received the original note, endorsed in blank from Ameriquest, on November 18, 2004.

On July 23, 2015, the motion justice granted plaintiff's motion for summary judgment. The motion justice determined that plaintiff held the Arnold Street note, which was endorsed in blank. He deemed the Arnold Street mortgage a valid and perfected first-priority mortgage on the Arnold Street property. Additionally, he declared the Arnold Street note, which was secured by the Arnold Street mortgage, not fully satisfied and remaining due and owing to plaintiff as its current holder. Citing equitable principles, the motion justice held that the mortgage discharge should be set aside and the mortgage reinstated based on the recorded notice of rescission. Having so concluded, the motion justice found no merit in defendant's counterclaim; and, accordingly, he granted summary judgment for plaintiff.

## II

## Standard of Review

"This Court reviews a [motion] justice's decision to grant summary judgment de novo." High Steel Structures, Inc. v. Cardi Corp., 152 A.3d 429, 433 (R.I. 2017) (quoting Boucher v. Sweet, 147 A.3d 71, 73 (R.I. 2016)). "We will affirm a [trial] court's decision only if, after reviewing the admissible evidence in the light most favorable to the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." Id. (quoting Boucher, 147 A.3d at 73). "The nonmoving party bears the burden of showing the existence of disputed issues of material fact by competent evidence; it cannot rest on allegations or denials in the pleadings or on conclusions or legal opinions." Id. (quoting Boucher, 147 A.3d at 73).

Additionally, "we will not hesitate to affirm a grant of summary judgment if the nonmoving party 'fails to make a showing sufficient to establish the existence of an element essential to that party's case * * * .'" Genao v. Litton Loan Servicing, L.P., 108 A.3d 1017, 1021 (R.I. 2015) (quoting Beauregard v. Gouin, 66 A.3d 489, 493 (R.I. 2013)). "[W]here the facts suggest only one reasonable inference, the [motion] justice may properly treat the question as a matter of law." HK & S Construction Holding Corp. v. Dible, 111 A.3d 407, 411-12 (R.I. 2015) (quoting Shappy v. Downcity Capital Partners, Ltd., 973 A.2d 40, 45 (R.I. 2009)). "Demonstrating mere factual disputes will not defeat summary judgment; 'the requirement is that there be no genuine issue of material fact.'" Moura v. Mortgage Electronic Registration Systems, Inc., 90 A.3d 852, 856 (R.I. 2014) (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986)).

**Discussion**

The defendant lodges myriad arguments on appeal, many of which entirely lack factual support.[2] From these arguments, we glean two issues properly before us: whether the Arnold Street note was endorsed in blank and whether the Arnold Street mortgage was validly assigned to plaintiff.

First, defendant asserts that a genuine dispute of material fact exists with respect to whether the Arnold Street note was endorsed. In support, he posits that two allegedly unendorsed copies of this note were produced in the context of defendant's bankruptcy proceedings, which he suggests create a triable factual issue. The plaintiff presented the original note, which the motion justice examined in open court at the summary-judgment hearing. A review of this note revealed that it was endorsed in blank by Ameriquest. Furthermore, the motion justice referenced Campbell's deposition, where she acknowledged the note's authenticity and stated that plaintiff received it on November 18, 2004, endorsed in blank by the lender, Ameriquest.

---

[2] In his papers before us, defendant takes a scattershot approach and suggests, without sufficient development or discussion, a multitude of errors committed by the motion justice. These include assertions that the motion justice erred in: (1) considering Knapp's affidavit because he lacked personal knowledge of the documents that he discussed; (2) "weighing the evidence at the [s]ummary [j]udgment hearing and reviewing the note for a purported smudge mark at the hearing"; and (3) "considering [G.L. 1956 § 34-11-24] as a basis for transferring the note" because it was preempted by the Uniform Commercial Code. We deem these arguments, among others that were minimally developed on appeal, waived. See A. Salvati Masonry Inc. v. Andreozzi, 151 A.3d 745, 750 (R.I. 2017) ("Generally, we deem an issue waived 'when a party [s]imply stat[es] an issue for appellate review, without a meaningful discussion thereof * * * .'") (quoting In re Jake G., 126 A.3d 450, 458 (R.I. 2015)).

Thus, defendant's assertion of error in this respect must fail. Beyond appending two allegedly unendorsed copies of the note,[3] defendant has not set forth a scintilla of competent evidence to rebut plaintiff's showing that there is no genuine issue of fact with respect to whether the note was endorsed. "In setting forth specific grounds to establish a factual dispute, the opposing party must present evidence of a substantial nature predicated on more than mere conclusory statements." McGovern v. Bank of America, N.A., 91 A.3d 853, 858 (R.I. 2014) (quoting Riel v. Harleysville Worcester Insurance Co., 45 A.3d 561, 570 (R.I. 2012)). The defendant's bare assertion here "is clearly inadequate to withstand summary judgment given our repeated admonition that the nonmoving party 'cannot rest on allegations, denials in the pleadings, conclusions, or legal opinions.'" Id. (quoting Plainfield Pike Gas & Convenience, LLC v. 1889 Plainfield Pike Realty Corp., 994 A.2d 54, 57 (R.I. 2010)). Without more, defendant's reference to two copies of the note allegedly proffered in separate court proceedings simply cannot fulfill his "burden of proving by competent evidence the existence of a disputed issue of material fact * * * ." Plainfield Pike Gas & Convenience, LLC, 994 A.2d at 57 (quoting D'Allesandro v. Tarro, 842 A.2d 1063, 1065 (R.I. 2004)). Accordingly, we are confident that the motion justice faultlessly disposed of this issue as a matter of law.

Equally unavailing is defendant's challenge of the Arnold Street mortgage's assignment. In a nutshell, defendant submits that in November of 2004 Ameriquest sold the Arnold Street mortgage to Ameriquest Mortgage Securities, Inc., which in turn transferred it to plaintiff. Consequently, defendant avers that when the Arnold Street mortgage was assigned in 2008, Ameriquest no longer possessed a legal interest in the mortgage such that it had no interest to

---

[3] The motion justice found that it was "quite possible" that the copies of the note produced in the context of the bankruptcy proceedings simply failed to include the page with a copy of the back of the note.

assign. Without pinpointing specific testimony, defendant broadly cites Campbell's deposition to support his contention that a genuine issue of material fact exists as to the validity of the mortgage assignment. Specifically, in his papers before us, defendant asserts: "The deposition of Barbara Campbell, Deutsche Bank employee[,] establishes clearly that on August 12, 2008, Ameriquest owned nothing to assign as on or after November 5, 2004[,] * * * Ameriquest had sold this mortgage to an entity named Ameriquest Mortgage Securities, Inc." A thorough reading of Campbell's deposition, however, reveals that defendant's claims are not "clearly" substantiated; indeed, quite the contrary—Campbell's testimony does not even move the mark in uncovering specific facts that rebut the mortgage assignment's validity, which would be necessary to withstand summary judgment. Indeed, defendant's rather conclusory averment falls far below what is necessary for his "affirmative duty to set forth specific facts showing that there is a genuine issue of material fact." Johnson v. QBAR Associates, 78 A.3d 48, 51 (R.I. 2013) (quoting Providence Journal Co. v. Convention Center Authority, 774 A.2d 40, 46 (R.I. 2001)) (emphasis added). Instead of pinpointing specific facts in Campbell's deposition that uncover a genuine dispute as to the mortgage assignment, defendant paints with a broad brush in a manner insufficient to reverse summary judgment.

We are satisfied, therefore, that the confirmatory assignment, recorded with the registry and appended to plaintiff's verified complaint, conclusively demonstrates that the assignment of the Arnold Street mortgage to plaintiff was effective. This document, dated August 12, 2008, unequivocally provided that Ameriquest had granted, assigned, and transferred "[a]ll of the right, title, and interest" in the mortgage to plaintiff. The confirmatory assignment further indicated that its purpose was "to replace the original assignment [with respect to the mortgage dated November 10, 2004] which due to inadvertence and/or mistake was lost * * * ." Additionally,

our review of the record, including Campbell's deposition, reveals that defendant has not, by affidavit or otherwise, satisfied his burden of setting forth competent evidence that creates a genuine dispute of material fact on this issue. Instead, he relies on conclusory assertions bereft of factual support, which cannot overcome summary judgment in this instance.[4]

As the motion justice correctly recognized, in circumstances where a mortgage is mistakenly discharged, equitable principles provide that the discharge be set aside and the mortgage reinstated to the position intended by the parties. See Progressive Consumers Federal Credit Union v. United States, 79 F.3d 1228, 1236 (1st Cir. 1996). In light of the undisputed fact that the defendant has resided continuously at the Arnold Street property yet has not made a mortgage payment since 2008 nor has he paid use and occupancy or property taxes, it is time to terminate this litigation. Consequently, equity demands that the discharge be set aside and the mortgage reinstated.

## IV

### Conclusion

For the reasons stated herein, we affirm the Superior Court's judgment. The record shall be remanded to that tribunal.

---

[4] As plaintiff's attorney pointed out at oral argument, defendant has submitted no evidence to counter the fact that Ameriquest was the record holder of the mortgage when it was assigned to plaintiff.

- 11 -

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

## SUPREME COURT – CLERK'S OFFICE

## OPINION COVER SHEET

| | |
|---|---|
| **Title of Case** | Deutsche Bank National Trust Company, as Trustee for Registered Holders of Ameriquest Mortgage Securities, Inc. Asset-Backed Pass-Through Certificates 2004-R11 v. John A. McDonough, Jr. |
| **Case Number** | No. 2016-37-Appeal. (PC 12-5180) |
| **Date Opinion Filed** | May 24, 2017 |
| **Justices** | Suttell, C.J., Goldberg, Flaherty, Robinson, and Indeglia, JJ. |
| **Written By** | Associate Justice Gilbert V. Indeglia |
| **Source of Appeal** | Providence County Superior Court |
| **Judicial Officer From Lower Court** | Associate Justice Joseph A. Montalbano |
| **Attorney(s) on Appeal** | For Plaintiff: Samuel C. Bodurtha, Esq. Lauren A. Solar, Esq. For Defendant: John B. Ennis, Esq. |