**Supreme Court**

No. 2016-297-Appeal.
(WC 15-167)

Brian Routhier                    :

v.                                :

Laura Kenyon, in her capacity as Finance    :
Director/Treasurer of the Town of
Narragansett.

**O R D E R**

The defendant, Laura Kenyon, in her capacity as the Finance Director/Treasurer of the Town

of Narragansett, appeals from the March 17, 2016 entry of summary judgment in favor of the

plaintiff, Brian Routhier, and the corresponding final judgment entered in Washington County

Superior Court.[1]   On appeal, the defendant contends that the hearing justice erred in his

interpretation of the collective bargaining agreement between the parties (the CBA) to the effect

that Mr. Routhier was permitted to add his spouse to his health insurance plan.  This appeal came

before the Court for oral argument on December 6, 2017, pursuant to an order directing the parties

to appear and show cause why the issues raised in this appeal should not be summarily decided.

After a close review of the record and careful consideration of the parties' arguments (both written

and oral), we are satisfied that cause has not been shown and that the appeal may be decided at this

time.  For the reasons set forth herein, we vacate the judgment of the Superior Court.

---

[1]     The hearing justice ruled in Mr. Routhier's favor on his motion for summary judgment at the February 15, 2016 hearing on that motion.  An order was entered to that effect on March 17, 2016. Additionally, an order entered on July 13, 2016 as to damages.

1

According to the complaint filed by Mr. Routhier in this case, he retired from his position as a police officer with the Narragansett Police Department in June of 2013. At the time of his retirement, he was unmarried and was covered by a health insurance policy provided by the Town of Narragansett (the Town). After his retirement, Mr. Routhier married a town employee. After his wife's departure from town service, Mr. Routhier asked the Town to add his new wife to his health insurance plan. The Town refused to do so. Consequently, Mr. Routhier filed the instant complaint seeking a declaratory judgment that the "Town is required to provide fully paid health coverage, dental coverage and life insurance coverage for him and his spouse * * * for life" and also alleging breach of contract, misrepresentation, and estoppel. The parties filed cross-motions for summary judgment with respect to the declaratory judgment and breach of contract claims.[2] Following a hearing in Superior Court on February 15, 2016, the hearing justice granted Mr. Routhier's motion for summary judgment and denied Ms. Kenyon's motion. The defendant filed a timely appeal. Before this Court, defendant contends that, pursuant to the language of the applicable CBA, Mr. Routhier is not entitled to add his new spouse to his health insurance plan at the Town's expense because he was not married at the time that he retired; the essence of defendant's argument is to the effect that "there is no question that [the relevant section of the CBA] plainly states that retirees shall receive the same level of health benefits they held while employed."

As we have often stated, "[t]his Court reviews a trial justice's decision to grant summary judgment *de novo*." *Boucher v. Sweet*, 147 A.3d 71, 73 (R.I. 2016) (internal quotation marks omitted); *see also Beauregard v. Gouin*, 66 A.3d 489, 493 (R.I. 2013). We will affirm a grant of summary judgment "only if, after reviewing the admissible evidence in the light most favorable to

---

[2] The claims for misrepresentation and estoppel in Mr. Routhier's complaint remain pending in Superior Court. After the grant of summary judgment in Mr. Routhier's favor on the declaratory judgment and breach of contract claims, on July 13, 2016, partial final judgment was entered on those claims pursuant to Rule 54(b) of the Superior Court Rules of Civil Procedure.

2

the nonmoving party, we conclude that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Boucher*, 147 A.3d at 73 (internal quotation marks omitted); *see also Great American E & S Insurance Co. v. End Zone Pub & Grill of Narragansett, Inc.*, 45 A.3d 571, 574 (R.I. 2012). It is also a basic principle that "[t]he party opposing summary judgment has a duty to establish that a genuine issue of material fact exists and may not rest solely upon allegations and denials in the pleadings." *CACH, LLC v. Potter*, 154 A.3d 939, 943 (R.I. 2017) (internal quotation marks omitted).

It is clear to us that a material factual dispute exists in this case with respect to what type of health insurance plan Mr. Routhier was on at the time of his retirement. That fact was clearly contested by the parties in the complaint and the answer as well as in their cross-motions for summary judgment. Moreover, additional material factual issues were raised for the first time before this Court at oral argument—a development that this Court finds disquieting. In view of the record before us and in view of the material factual disagreements that became even more apparent during oral argument, affirmance of summary judgment would be inconsistent with our jurisprudence in that domain. Material issues of fact remain to be resolved.

Accordingly, for the foregoing reasons, we vacate the Superior Court's grant of summary judgment. The record may be returned to that tribunal.

Entered as an Order of this Court this _14th_ day of February, 2018.


By Order,


_____/s/_____
Clerk

Justice Flaherty did not participate.

3

STATE OF RHODE ISLAND AND **PROVIDENCE PLANTATIONS**

**SUPREME COURT – CLERK'S OFFICE**

**ORDER COVER SHEET**

| | | |
|---|---|---|
| **Title of Case** | Brian Routhier v. Laura Kenyon, in her capacity as Finance Director/Treasurer of the Town of Narragansett. | |
| **Case Number** | SU-16-0297-Appeal<br>(WC 15-167) | |
| **Date Order Filed** | February 14, 2018 | |
| **Justices** | Suttell, C.J., Goldberg, Robinson, and Indeglia, JJ. | |
| **Source of Appeal** | Washington County Superior Court | |
| **Judicial Officer From Lower Court** | Associate Justice Luis M. Matos | |
| **Attorney(s) on Appeal** | For Plaintiff:<br><br>Elizabeth Wiens, Esq. | |
| | For Defendant:<br><br>Kathleen Anne Hilton, Esq.<br>Kathleen M. Daniels, Esq.<br>Marc Desisto, Esq. | |